**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CR-139-RWS-NAB |
| | ) |
| WILLIAM DOUGLAS HANING, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Before the Court is Defendant William Haning's Motion for Change of Venue pursuant to Federal Rule of Criminal Procedure 21(b). [Doc. #18]. Haning seeks an order transferring this case from the United States District Court for the Eastern District of Missouri to the United States District Court for the Northern District of Texas.  The United States of America (the "Government") filed a Response in Opposition to Defendant's Motion [Doc. #26]. After a hearing on the motion, and a review of the briefs and relevant case law, the undersigned finds Defendant has not carried his burden of showing that the matter should be transferred, and therefore recommends denial of Haning's Motion for Change of Venue.

**I.    Background**

Haning is charged in a thirty-one count indictment, with one count of conspiracy to commit mail or wire fraud in violation of 18 U.S.C. § 1349, and thirty counts of wire fraud in violation of 18 U.S.C. § 1343. Generally, the indictment alleges that Haning was involved in a large-scale scheme relating to the adulteration, mislabeling, and misbranding of protein products

that were used in the production of pet food. The ingredients at issue were produced and shipped from a facility in Rosser, Texas, that was owned by Wilbur-Ellis, a corporation headquartered in California. Haning was an employee of Wilbur-Ellis and worked at the Rosser facility. Diversified Ingredients, a broker-distributor located in the Eastern District of Missouri, arranged for the shipment of various protein ingredients from the Rosser facility to pet food manufacturers. The Government alleges that these shipments were arranged through emails to and from the Eastern District of Missouri between Diversified Ingredients, Wilbur-Ellis, and the Rosser facility.

Haning contends that only minimal conduct alleged in the indictment involved the Eastern District of Missouri. He claims that only 5 paragraphs of the 83 paragraph indictment involve conduct in the Eastern District of Missouri, as compared to 51 paragraphs of the indictment that allege conduct occurring in Texas. The United States counters that Haning is charged in a conspiracy, and numerous actions related to the conspiracy occurred in the Eastern District of Missouri. Invoices, shipping schedules, contracts, and purchase orders were sent to and from the Eastern District of Missouri. In addition, various protein ingredients were sent to and from the Eastern District of Missouri. Finally, the wire fraud counts include communications to and from the Eastern District of Missouri.

## II.    Legal Framework—Motion to Transfer

Rule 21 of the Federal Rules of Criminal Procedure addresses transferring criminal matters between districts for purposes of trial.  Rule 21(b), which is at issue here, concerns transfers for convenience (as opposed to transfers due to, for example, prejudice). Rule 21(b) reads as follows:

> Upon the defendant's motion, the court may transfer the proceeding, or one or more counts against the defendant to another district for the

2

convenience of the parties, any victim and witnesses, and in the interests of justice.

The decision whether to grant or deny a Rule 21(b) motion rests with the sound discretion of the district court. *See United States v. Green,* 983 F.2d 100, 102 (8th Cir. 1992*); see also United States v. Lopez*, 343 F.Supp.2d 824, 835 (E.D. Mo. 2004) (citing *Green*). It is a defendant's burden of showing that the matter should be transferred. *See United States v. Kanner*, No. 07-CR-1023-LRR, 2008 WL 2663414, at *5 (N.D. Iowa June 27, 2008) (citing cases). In considering Rule 21(b) motions, many courts, including the Eighth Circuit, apply the ten factors found in *Platt v. Minnesota Mining & Mfg. Co.,* 376 U.S. 240, 243-44 (1964) ("*Platt* factors"); *see United States v. McGregor*, 503 F.2d 1167, 1170 (8th Cir. 1974); *Lopez*, 343 F. Supp.2d at 835.

The ten *Platt* factors are: (1) the location of the defendant; (2) the location of the witnesses; (3) the location of the events in issue; (4) the location of the documents and records likely to be used at trial; (5) any disruption of a defendant's business; (6) the expense to the parties; (7) the location of counsel; (8) the relative accessibility of the place of trial; (9) the docket condition of the respective districts; (10) any other special elements that might affect transfer. *See Lopez*, 343 F.Supp.2d at 835 (enumerating *Platt* factors); *see also Kanner*, 2008 WL 2663414, at *6-8. The Court must balance these factors and assess which are of greatest importance in the case; no single factor is dispositive. *Id.* at *5 (citing *United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2d Cir. 1990)); *see also United States v. Valenciano*, No. CR06-4082MWB, 2006 WL 4046179, at *4 (N.D. Iowa 2006) (same).

### III. Discussion

Using the *Platt* factors, Haning argues that this case should be transferred to the Northern District of Texas because most of the necessary witnesses are located in Texas; all of the alleged

3

criminal conduct stems from Texas; relevant documents and records are located in Texas and were created in Texas; that Haning's work in assisting his wife's business would be disrupted if the trial is held in Missouri; and, that he will incur significant and unnecessary expense if the trial is not transferred to Texas.  He further states that he has been forced to obtain counsel in both the Eastern District of Missouri and in Fort Worth, Texas, near his home.  Additionally, because counsel for the Government are designated "Special Attorneys" to the United States Attorney General, as opposed to Assistant United States Attorneys for the Eastern District of Missouri, Haning asserts that counsel for the United States in this case is not "tethered in any manner" to the Eastern District of Missouri.

   The United States counters that every criminal prosecution imposes a burden on a defendant. It states that no matter where the trial is conducted, there will be inconvenience to the parties, their executives, counsel and witnesses.  Addressing the *Platt* factors, the United States contends that many of the witnesses are located in places other than Texas; that the events at issue took place in multiple jurisdictions, including the Eastern District of Missouri; and that documents and records are located all over the country, and documents will be provided to Defendant through the discovery process.

    The initial choice of venue in a criminal case is naturally a prerogative of the prosecution. The importance of assuring good order in the management of judicial business and efficient handling of a prosecuting attorney's case load requires that a defendant demonstrate a substantial balance of inconvenience to himself if he is to succeed in nullifying this prerogative.  *United States v. United States Steel Corp.,* 233 F.Supp. 154 (S.D.N.Y.1964); *United States v. Cohen*, 35 F.R.D. 227 (N.D.Cal.1964); *United States v. White,* 95 F.Supp. 544 (D.Neb. 1951).  *United States v. Luros*, 243 F. Supp. 160, 174 (N.D. Iowa 1965).

4

Applying the *Platt* factors, as more fully discussed below, the undersigned concludes that Haning has not met his burden. Although, Haning has made some claims of hardship and inconvenience, he has not offered enough information to conclude that the Northern District of Texas is a better and more convenient forum for resolving this matter. There is no sufficient reason to disregard the government's choice of forum and transfer this case to the Northern District of Texas.

1. <u>Location of</u> Defendant—There is no dispute that Haning lives in the Northern District of Texas. This factor weighs in his favor, but no more so than in any other case involving allegations of multi-district criminal acts.

2. <u>Location of Witnesses</u>—Many of the witnesses are located in the Northern District of Texas. However, potential witnesses are also located in Indiana, Connecticut, Kansas and Missouri. In addition, law enforcement agents who will be witnesses at trial are all located within the Eastern District of Missouri. The undersigned believes this factor weighs against transfer.

3. <u>Location of Events at Issue</u>—Haning contends all of the alleged criminal conduct stems from Texas, and that the facility that allegedly adulterated, mislabeled, and misbranded the protein products is located in Rosser, Texas. While this is correct, the Indictment alleges that several individuals in multiple jurisdictions were involved in the charged criminal conduct. In addition, the wire fraud allegations stem from emails sent and received by people located in the Eastern District of Missouri. This factor does not weigh in favor of transfer.

4. <u>Location of Documents and Records</u>—Haning states that relevant documents are located in Texas; however, he admits that some documents are located in California at the Wilbur-Ellis corporate headquarters. The United States asserts that relevant documents are located all over

5

the country, including in the Eastern District of Missouri. Additionally, documents will be provided to Haning in discovery. Accordingly, this factor weighs against transfer.

    5. <u>Disruption of Defendant's Business</u>—Haning states that he is assisting as the director of marketing for his wife's business, which is located in Texas. He claims that if this matter is not transferred, it will significantly disrupt the family business. Haning does not claim to own this business. It is owned by his wife, and he merely assists in its operation. He has not demonstrated how continuing with this case in the Eastern District of Missouri would impair his ability to provide for his family. Thus, this factor weighs against transfer.

    6. <u>Expense to the Parties</u>—Haning contends that defending against these allegations in Missouri will cause him "significant and unnecessary expense." However, he has not demonstrated an inability to bear an additional expense. "All trials away from the vicinage necessarily increase, in varying amounts, the costs which a defendant must bear. But the magnitude of these additional expenses is not, *per se*, a determinative factor in considering a motion to transfer. Were this not so, an impoverished defendant, barely able to assume the cost of a trial in his home district, would have no recourse if he were indicted in an adjacent district where the consequent increase in the cost of trial, although slight, would be for him insupportable. The obvious injustice of this result demonstrates that it is not the size of the additional expense, but the defendant's ability to bear that expense, that is the relevant consideration in questions of transfer." *United States v. Luros*, 243 F. Supp. at 175 (*citing United States v. White*, 95 F. Supp. 544 (D.Neb. 1951)). Thus, this factor weighs against transfer.

    7. <u>Location of Counsel</u>—Haning has retained counsel in Forth Worth, Texas, and local counsel located in St. Louis, Missouri. Defendant does not argue that his counsel is unable to adequately represent him in the Eastern District of Missouri. He also contends that because

6

counsel for the United States are designated as Special Attorneys to the United States Attorney General, they may not have ties to the Eastern District of Missouri. Neither of those arguments weighs in favor of transfer. The Government's attorneys reside in the Eastern District of Missouri, as do Haning's local counsel.

8. <u>Relative Accessibility of Place of Trial</u>—Haning argues that if trial is held in the Eastern District of Missouri, he will have to uproot his life to spend significant time away from his family and incur substantial expenses. Again, Haning generally discusses the inconvenience and expense involved in a trial in the Eastern District of Missouri, but he does not provide any specific reasons why the Eastern District of Missouri is less accessible that the Norther District of Texas for trial. Both St. Louis and Dallas have major airports, good highways, and mass transit systems. Therefore, this factor does not weigh in favor of transfer.

9. <u>Docket Conditions</u>—Both Haning and the United States agree that this factor is of little importance to determining the appropriateness of transfer.

10. <u>Special Considerations</u>—The United States raises one issue for consideration. There is a related criminal case pending in the Eastern District of Missouri, *United States v. Henry Rychlik, et al.*, as well as a related civil case, *The Blue Buffalo Company, Ltd. v. Wilbur-Ellis Company LLC, et al.*  Some of the entities identified in Haning's Indictment are parties in these two pending cases.

    Having considered each of the *Platt* factors, the undersigned recommends that the Motion for Change of Venue be denied.

**IV.    Conclusion**

For the above stated reasons, Haning has not met his burden of showing that this matter should be transferred for trial to the Northern District of Texas. Most of the relevant *Platt* factors weigh against such a transfer.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Change of Venue [Doc. #18] should be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  Failure to timely file objections may result in a waiver of the right to appeal questions of fact.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of August, 2018.