**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:18-CR-139-RWS-NAB |
| ) | |
| WILLIAM DOUGLAS HANING, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  Defendant William Haning is charged in a thirty-one count indictment.  Count one charges Haning with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349.  Counts two through thirty-one charge Haning with committing wire fraud in violation of 18 U.S.C. §§ 2, 1343.  The indictment also contains forfeiture allegations.

On May 31, 2018, Haning filed a Motion to Expunge Lis Pendens [Doc. #33] and a Motion for Court Order Releasing Lis Pendens to Permit Sale of Real Property and to Have Proceeds Held by Clerk of Court Pending Litigation Regarding Use of Funds to Pay Legal Fees Pursuant to the Sixth Amendment [Doc. #32].  The United States of America filed its response to both motions on June 11, 2018 [Doc. #36] and Haning filed replies to the United States' response on June 16, 2018 [Doc. #38].  The undersigned held a hearing on Haning's motions on July 12, 2018.  After the undersigned filed a Report and Recommendation in this matter, the property at

1

issue was foreclosed upon.  Accordingly, the District Judge re-referred the above motions to the undersigned to determine whether the motions are mooted due to the foreclosure.

**DISCUSSION**

In the Indictment, the United States included a Forfeiture Allegation, stating that Defendant shall forfeit to the United States:

> Approximately 2,705.08 acres of ranch land known as "Living the Dream Ranch" f/k/a "Cactus Ranch," which is comprised of approximately 1,129.93 acres in McMullen County, Texas, and approximately 1,575.15 acres in Live Oak County, Texas, and is situated just north of the southeast corner of said McMullen County and the southwest corner of said Live Oak County, together with all appurtenances, improvements, and attachments thereon.

The United States then filed a notice of lis pendens [Doc. #9] to inform potential buyers of that the property was potentially subject to criminal forfeiture proceedings.  Haning then filed motions seeking to have the notice of lis pendens expunged or released to permit the property to be sold.  The parties informed the undersigned that the property at issue was foreclosed upon on August 7, 2018 by means of a non-judicial foreclosure auction sale.  At that sale, the mortgagee bank took ownership of the property.  The Government argues that the foreclosure renders the defendant's motions moot.

**A.  Mootness**

Article III of the Constitution grants the Judicial Branch authority to adjudicate "Cases" and "Controversies."  U.S. Const. art. III, § 2.  "In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (citing *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341 (2006)).  "That limitation requires those who invoke the power of a federal court to demonstrate standing—a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'"  *Id.* at 90 (citing

2

*Allen v. Wright,* 468 U.S. 737, 751 (1984)).  An 'actual controversy' must exist not only "at the time the complaint is filed," but through "all stages" of the litigation.  *Id.* at 90-91 (citing *Alvarez v. Smith,* 558 U.S. 87, 92 (2009) (internal quotation marks omitted)); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed) (internal citations omitted).

"To invoke federal jurisdiction, a plaintiff must show a 'personal stake' in the outcome of the action."  *United States v. Sanchez-Gomez,* 138 S. Ct. 1532, 1537 (2018) (citing *Genesis HealthCare Corp. v. Symczyk,* 569 U.S. 66, 71 (2013)).  "This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Id.* at 1537.  "A case that becomes moot at any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts." *Id.* at 1537 (citing *Already,* 568 U.S. at 91).

      1.      **Motion to Expunge Lis Pendens**

In his motion to expunge, Defendant claimed that the Government failed to comply with the notice requirements of the Texas Property Code and failed to establish the probable validity of its real property claim.  Defendant sought to have the lis pendens expunged so that he could sell the property, pay the mortgage and use any excess for attorney's fees.  Now that the property at issue has been foreclosed upon and Defendant no longer owns the property, the Government argues that the motions regarding the Lis Pendens are moot.  Haning argues that the issue is live because the parties agree that this Court has jurisdiction to decide the issue and the Notice of Lis Pendens remains on the property.  In addition, Haning contends he retains a personal stake in the

outcome of whether the lis pendens is expunged, because it is unlikely any buyer will purchase the property while it is encumbered by the lis pendens. Haning argues that if the lis pendens were removed, the bank could sell the property at its fair market value, and there could be a surplus above and beyond the amount owed on the mortgage. Haning believes that he would benefit from such surplus.

Now, that Haning no longer owns the property, the issue of notice and the probable validity of the real property claim are moot. Haning no longer has a personal stake in the outcome of the action. He is not affected by the notice of lis pendens, because has no longer has the right to sell the property. The relief Haning originally sought is no longer available to him. Therefore, there is no actual controversy to be adjudicated by this Court. Accordingly, the undersigned recommends that the motion to expunge lis pendens be denied as moot.

### 2.     Motion to Release Lis Pendens

In his motion to release lis pendens, Defendant originally requested that this Court permit the sale of the Ranch and direct the proceeds of the sale be held in trust by the Clerk of Court. Now that he no longer owns the property, Haning is requesting that the Court order that in the event the property is sold by the bank and there are surplus proceeds, any surplus be held by the Clerk of Court for "safekeeping."

Haning argued that the notice of lis pendens prevented him from selling the property and using the proceeds for his legal fees. Since the property has been foreclosed upon, Haning no longer has the right to the relief he originally sought. Now, he argues that the lis pendens will prevent the bank from selling the property for fair market value and potentially affect any surplus that Haning could receive once the property is sold. This argument is speculative and does not

4

represent an actual and concrete dispute.  Therefore, the undersigned recommends that the motion to release lis pendens be denied as moot.

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Expunge Lis Pendens [Doc. #33] should be **DENIED AS MOOT.**

**IT IS FURTHER RECOMMENDED** that Defendant's Motion for Court Order Releasing Lis Pendens to Permit Sale of Real Property and to Have Proceeds Held by Clerk of Court Pending Litigation Regarding Use of Funds to Pay Legal Fees Pursuant to the Sixth Amendment [Doc. #32] should be **DENIED AS MOOT**.

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  Failure to timely file objections may result in a waiver of the right to appeal questions of fact.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of October, 2018.