UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CR-139-RWS-NAB |
| ) | |
| WILLIAM DOUGLAS HANING, ) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF
REDACTED GRAND JURY SUBPOENAS AND DOCUMENTS RELATED TO THE
APPOINTMENT OF TIMOTHY GARRISON AS SPECIAL ATTORNEY TO THE
UNITED STATES ATTORNEY GENERAL**

Defendant William Douglas Haning ("Haning"), by and through his counsel, Justin K. Gelfand, William S. Margulis, Arthur S. Margulis, Ian T. Murphy, and the law firm of Margulis Gelfand, LLC, respectfully moves this Court to compel the Government to disclose certain documents specifically requested as discovery in this case.

Consistent with local practice, Haning has requested this discovery from the Government. However, the Government has notified the defense that it has no intention of providing it prior to the January 2, 2019 evidentiary hearing currently docketed. As such, Haning seeks an order from this Court compelling the Government to provide this discovery.

    **I.**     **Relevant Background**

Based on the Government's contentions set out in its response (Doc. 92) to the pending motion to dismiss the superseding indictment or, in the alternative, to disqualify the three Eastern District of Missouri ("EDMO") prosecutors (Doc. 88), on November 2, 2017, an email was purportedly sent from Assistant United States Attorney ("AUSA") Jaime Pena to several other individuals employed by the Department of Justice ("DOJ"). (*See* Doc. 92-1). The subject line of

the email read, "FORMAL NOTICE: Office-wide Recusal of the Eastern District of Missouri (REC-18-413)." (*Id.*). The email noted that Associate Deputy Attorney General Scott Schools had purportedly approved the "recusal of the entire United States Attorney's Office for the Eastern District of Missouri" from this case and others "based upon existing conflicts of interest or the appearance of conflicts of interest pertaining to the matter." (*Id.*). The email asserted that, despite the office-wide recusal, three AUSAs in the Eastern District of Missouri were authorized to continue working on the matter under the direction of the Western District of Missouri United States Attorney's Office (hereinafter, "EDMO Prosecution Team"). (*Id.*).

On February 14, 2018, Haning was charged in an indictment with thirty-one counts. (Doc. 1). That same day, Charles S. Birmingham and Gil C. Sison entered their appearance as Special Attorneys to the United States Attorney General. (Doc. 4). On February 20, 2018, Kyle T. Bateman entered his appearance as Special Attorney to the United States Attorney General. (Doc. 8).

On September 21, 2018, Charles S. Birmingham—in his capacity as "Assistant U.S. Attorney," not in his capacity as "Special Attorney to the United States Attorney General"—requested and obtained a grand jury subpoena that was served on a witness (attached hereto as Exhibit 1). The subpoena commanded the witness to appear in this district on October 10, 2018 and to bring documents. (*See id.*). The subpoena itself expressly states: "The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are: **CHARLES S. BIRMINGHAM**, Assistant U.S. Attorney" followed by the main address and main telephone number of the United States Attorney's Office for the Eastern District of Missouri. (*See id.*) (bold and capitalized lettering in original). The subpoena references a "USAO #" next to AUSA Birmingham's name, title, and contact information. (*See id.*). The subpoena clearly sought documents related to Haning. The Government did not disclose

2

this subpoena in discovery, nor did the Government at any time disclose that its prosecutors used the grand jury process to investigate this case in their capacities as EDMO AUSAs.

On November 16, 2018, Kathleen D. Mahoney entered her appearance as Special Attorney to the United States Attorney General. (Doc. 75). Attached to Mahoney's entry of appearance was the email from AUSA Pena along with a letter dated November 14, 2017, from Valarie D. Mulcahy, Assistant Director, Human Resources Staff, Operations Division. (*See* Doc. 75-1). The letter purports to appoint Mahoney as a "Special Attorney to the United States Attorney General pursuant to 28 U.S.C. § 515." (*Id.*). Also attached is an Appointment Affidavit which contains an oath of office purportedly signed by Mahoney. (*Id.*). Under the statute, an appointment of a prosecutor as a Special Attorney to the United States Attorney General is not valid until the prosecutor has taken the specific oath of office for that purpose. *See* 28 U.S.C. § 515 (special attorneys "shall take the oath required by law"). The Appointment Affidavit containing the oath of office appears to, *arguendo*, satisfy this statutory requirement.

On November 29, 2018, the Government sought, and the grand jury returned, a superseding indictment charging Haning with 50 counts. (Doc. 82). On December 3, 2018, Haning filed a motion to dismiss the superseding indictment or, in the alternative, to disqualify prosecutors Birmingham, Sison, and Bateman. (Doc. 88). On December 11, 2018, the Government filed its response in opposition to the motion. (Doc. 92). Attached to the response, as exhibits, were letters purporting to appoint Birmingham (Doc. 92-2), Sison (Doc. 92-3), and Bateman (Doc. 92-4) as Special Attorneys to the United States Attorney General. Included within each exhibit is an Appointment Affidavit which contains an oath of office purportedly signed by Birmingham, Sison, and Bateman, respectively. (*Id.*).

On December 7, 2018, Haning made a discovery request for all grand jury subpoenas issued in connection with this case (attached hereto as Exhibit 2). Haning noted that undersigned counsel had become aware of at least one grand jury subpoena issued in this case by an AUSA in the Eastern District of Missouri and that, based on the pending motion to dismiss or, in the alternative, to disqualify Birmingham, Sison, and Bateman, the grand jury subpoenas were relevant and discoverable. (*Id.*). Haning specifically noted that he had no objection to the Government's redaction of literally everything on the subpoenas other than the name, title, and contact information of the individual requesting the subpoena and the date of issuance. (*Id.*).

On December 17, 2018, Phillip E. Porter filed an entry of appearance as Special Attorney to the United States Attorney General. (Doc. 94). Attached to his entry of appearance was a letter purporting to appoint him as a Special Attorney. (Doc. 94-1). However, unlike the other Special Attorneys whose appointment letters were dated November 2017, Porter's letter was dated December 14, 2018. (*Id.*). Moreover, Porter's Appointment Affidavit was not signed until December 17, 2018. (*Id.*).

That same day, Haning renewed his discovery request for grand jury subpoenas and made a new discovery request to counsel for the Government, requesting "any prior appointment letters and/or appointment affidavits and/or oaths of office for Mr. Porter or please confirm that no others exist" (attached hereto as Exhibit 3). Additionally, Haning requested "any appointment letter(s), appointment affidavit(s), and/or oath(s) of office for Timothy Garrison in connection with this case. If none exist, please let us know." (*Id.*). In response, the Government stated, "[t]he Government does not intend to produce any additional materials in advance of the hearing." (*Id.*).

The Government made it clear that it did not welcome any further discussions between the parties as to this discovery dispute, therefore necessitating this motion to compel this discovery in advance of the evidentiary hearing.

**II.       Haning is Entitled to the Requested Discovery**

     A.       <u>Grand Jury Subpoenas</u>

Haning is entitled to all grand jury subpoenas issued in this case pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(i) and other relevant legal authority. To be clear, this is not a case where the defense is simply seeking grand jury subpoenas for purposes of general discovery; rather, the defense preemptively agreed to the redaction of literally everything on the subpoenas except the name, title, and contact information of the prosecutor requesting the subpoena and the date of issuance. In other words, the defense is not seeking the name of a single witness who received a subpoena, the scope of any such subpoena, and/or any documents or records that were requested by the Government in the subpoena or any of its attachments. This discovery request—which is intentionally very limited in scope—seeks to answer four simple questions:

(1) Who requested each subpoena?

(2) What title did the requester use?

(3) Was the witness provided contact information other than the general contact information for a United States Attorney's Office that was subject to an office-wide recusal?

(4) On what date was each subpoena issued?

These subpoenas are directly relevant to the pending motion because if they were obtained by any member of the EDMO Prosecution Team in his capacity as an AUSA in the Eastern District of Missouri, it will be clear that the Government has not complied with the purported office-wide recusal that was allegedly approved for this case. Moreover, if this is so, it will be clear that the

5

members of the EDMO Prosecution Team have failed to act, as they were allegedly required to, as Special Attorneys to the United States Attorney General with respect to this case—and acted (in a very meaningful way) as EDMO AUSAs.

Furthermore, the Government argued in its response to Haning's motion that the one grand jury subpoena the defense has in its possession (which was requested by AUSA Birmingham in his capacity as an EDMO AUSA) and the superseding indictment (which intentionally omitted the names of anyone other than three full-time EDMO AUSAs) were "isolated" and "aberrant" instances. (Doc. 92 at 12). Given the Government's unwillingness to represent otherwise, Haning suspects that these were not "isolated" or "aberrant" incidents—but, rather, that the Government has repeatedly and consistently sought and issued subpoenas by and through prosecutors acting in their capacity as EDMO AUSAs. Indeed, rather than jumping to this conclusion, Haning's approach was to make a simple discovery request and to let the evidence speak for itself—but the Government is concealing that evidence. This begs the question: why?

Haning maintains that he has no objection to the redaction of everything on the subpoenas other than the name, title, and contact information of the individual requesting the subpoena and the date of issuance. This Court should grant this motion to compel and order the Government to disclose these redacted grand jury subpoenas.

In the alternative, Haning requests that this Court—at a minimum—conduct an *in camera* review of these grand jury subpoenas to determine whether they were sought and obtained by Special Attorneys to the United States Attorney General or by an AUSA in the Eastern District of Missouri and to make a determination as to which documents Haning is entitled to receive.

6

B.  Documents Related to the Appointment of Timothy Garrison as Special Attorney to the United States Attorney General

Haning is entitled to documents related to the appointment of United States Attorney for the Western District of Missouri Timothy Garrison as a Special Attorney to the United States Attorney General pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(i) and other relevant legal authority. Alternatively, Haning is entitled to confirmation that no such documents exist.

Federal Law unambiguously provides that a United States Attorney has the authority to prosecute offenses only "within his district." *See* 28 U.S.C. § 547. Moreover, federal law authorizes Special Attorneys to act beyond his or her district only "when specifically directed by the Attorney General" and only after the attorney has "take[n] the oath required by law." *See* 28 U.S.C. § 515; *see also United States v. Sigillito*, 759 F.3d 913, 929 (8th Cir. 2014) ("Because the [United States Attorney] and AUSAs in the Western District [United States Attorney's Office] were special attorneys in this case, they had the authority to prosecute Sigillito in the Eastern District").

The Government has taken the untenable position that Garrison "is in charge of this case" and that he "does not need any further approval or supervision from the Attorney General[.]" (Doc. 92 at 10-11). However, the Government has not provided documentation that Garrison has been appointed as a Special Attorney.

Because Haning is entitled to challenge the authority of the prosecutors who have charged him with 50 felony counts, he is entitled to discovery of documents related to the appointment of Garrison as a Special Attorney in this case or, in the alternative, to confirmation that no such documents exist.

With respect to the five other prosecutors, the Government has filed with this Court documents that at least arguably (setting aside Haning's other objections) establish the

7

appointment and execution of the specific oath of office required under 28 U.S.C. § 515. Porter—the prosecutor the Government claims has been the number two in charge of this case since its inception—was not actually authorized to act as a Special Attorney until three days ago when he signed the oath of office. However, unlike the five other prosecutors, Haning has been provided absolutely no documentation evidencing that Garrison was ever actually appointed as a Special Attorney and took the statutorily mandated oath.

If it turns out that Garrison is nothing more than the United States Attorney for a district other than EDMO, he unambiguously lacks the authority to prosecute Haning in this district unless he is actually a Special Attorney to the United States Attorney General—and has been one since the outset of this case (again, setting aside Haning's other objections.) The Government should not be permitted to hide the ball with respect to this critical fact. Indeed, Haning should have never had to make this discovery request in the first place.

As such, Haning requests that this Court compel the Government to disclose these documents or to represent they do not exist.

### III. Conclusion

Based on the foregoing and because the Government has refused to further discuss outstanding discovery issues that remain unresolved, Haning has no choice but to raise these matters with this Court and hereby seeks an order compelling the Government to disclose the requested discovery. With respect to the redacted grand jury subpoenas, and only in the alternative, Haning requests that this Court conduct an *in camera* review to determine what documents Haning is entitled to receive.

8

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ Ian T. Murphy*
IAN T. MURPHY, #68289
JUSTIN K. GELFAND, #62265
WILLIAM S. MARGULIS, #37625
ARTHUR S. MARGULIS, #16906
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
ian@margulisgelfand.com
justin@margulisgelfand.com
bill@margulisgelfand.com
art@margulisgelfand.com

**Certificate of Service**

I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

*/s/ Ian T. Murphy*
IAN T. MURPHY, #68289
JUSTIN K. GELFAND, #62265
WILLIAM S. MARGULIS, #37625
ARTHUR S. MARGULIS, #16906
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
ian@margulisgelfand.com
justin@margulisgelfand.com
bill@margulisgelfand.com
art@margulisgelfand.com
