

December 19, 2018

**VIA EMAIL**
Mr. Charles Birmingham
Mr. Gilbert Sison
Mr. Kyle Bateman
Ms. Kathleen Mahoney
Mr. Gene Porter

    Re:    <u>*United States v. William Douglas Haning*</u>

Dear Counsel:

Enclosed, please find five subpoenas for testimony at the evidentiary hearing in *United States v. Haning*, 4:18-CR-139-RWS-NAB, beginning on January 2, 2019 at 1:30 p.m. and continuing until the end of the hearing.

The subpoenas require the live testimony of five witnesses: (1) Department of Justice attorney Charles Birmingham; (2) Department of Justice attorney Gilbert Sison; (3) Department of Justice attorney Kyle Bateman; (4) United States Postal Service Inspector Doug Boland; and (5) FBI Special Agent Wade Beach.

The purpose of this letter is to comply with any applicable *Touhy* regulation out of an abundance of caution. *See* 28 U.S.C. § 16.21 *et. seq.* (for Department of Justice and FBI employees) and 39 C.F.R. § 265.12 (for Postal Service employees).

As the United States is a party in *United States v. Haning*, it remains our position notwithstanding this letter that the *Touhy* regulations do not apply and by sending this letter out of an abundance of caution, we expressly reserve the right to challenge the application of the *Touhy* regulations in this case. *See, e.g., Alexander v. FBI*, 186 F.R.D. 66, 70 (D.C. Cir. 1998) (*Touhy* regulations do not apply to cases in which the United States is a party); *see also* 39 C.F.R. § 265.12 ("This section does not apply to… [a]ny legal proceeding in which the United States is a party").

We are serving these subpoenas on you via email as the prosecutors who are handling this case. If you will not accept service of process via email, please let us know who will accept personal service of process of the enclosed subpoenas on behalf of the Department of Justice and the Postal Service. Additionally, if you need us to tender witness fees, please let us know.

The parties to this proceeding are the United States and Haning. The proceeding is an evidentiary hearing in *United States v. Haning*, Case Number 4:18-CR-139-RWS-NAB, in the United States District Court for the Eastern District of Missouri.

8000 Maryland Avenue
Suite 420
St. Louis, MO 63105

p. 314.390.0234
f. 314.485.2264
margulisgelfand.com

Each of these witnesses has firsthand knowledge of facts relevant to the pending motion to dismiss the superseding indictment or, in the alternative, to disqualify the three EDMO prosecutors, and the defense reserves the right to question each witness about any issues relevant at the evidentiary hearing about which the witness has firsthand knowledge. This includes, but is not limited to, the procedures utilized in connection with the office-wide recusal of the United States Attorney's Office for the Eastern District of Missouri, the witness's knowledge of EDMO personnel who have participated in this case, and facts that directly bear on actual conflicts of interest as set out in more detail in Haning's pleadings. To the extent necessary and appropriate, each witness will be questioned about the witness's background, training, experience, and education.

To be clear, this general summary is solely for purposes of complying with the so-called *Touhy* regulations—and the scope of the witness's testimony will be limited by any parameters imposed by the Court. This letter should not be interpreted as the defense's intention of exceeding those parameters and the defense does not intend to elicit testimony unrelated to the issues raised in his pending motion; rather, this letter is served solely for purposes of compliance with the *Touhy* regulations.

The defense seeks no records from the witnesses designated herein as the defense believes it appropriate to utilize discovery procedures and, to the extent necessary, motions to compel discovery with respect to these particular witnesses—not compulsory process.

These areas of testimony are relevant to the evidentiary hearing because they bear on the legal issues raise in the pending motion. The defense estimates that each witness's testimony will last no more than one (1) hour and the defense sincerely anticipates that each witness's testimony will be significantly shorter.

With respect to these witnesses, a declaration of a Department of Justice or Postal Service officer, employee or contractor under penalties of perjury pursuant to 28 U.S.C. § 1746 will not suffice in lieu of live testimony. This demand allows a reasonable time for compliance, as the evidentiary hearing is set sufficiently after service of this letter and these subpoenas.

This letter is intended to fully comply with any *Touhy* regulation that *arguendo* applies. In that capacity, please consider this letter notice, and please forward this letter to any appropriate authorizing official at the Department of Justice and/or Postal Service as you deem necessary. However, please be advised that the defense takes the position that compliance with the *Touhy* Regulations is not required in this federal criminal case, especially with respect to these witnesses and with respect to this evidentiary hearing. *See, e.g., Alexander v. FBI*, 186 F.R.D. 66, 70 (D.C. Cir. 1998) (*Touhy* regulations do not apply to cases in which the United States is a party). Furthermore, the Due Process Clause and relevant legal authority unambiguously permits a defendant to call witnesses in his own defense and the sole fact that the witness may be employed by the federal agency which investigated and/or prosecuted this case does not somehow inherently insulate that witness from compulsory process. Nevertheless, this letter is being provided out of an abundance of caution and with the goal of

avoiding any issues with respect to subpoenaing these particular witnesses to testify at the January 2, 2019 evidentiary hearing.

Please do not hesitate to contact us with any questions or concerns. To the extent the United States or any of its departments or agencies deem this submission inadequate for purposes of compliance with any applicable *Touhy* regulation, please let us know without delay so that we can work it out without causing any inconvenience to the parties or to the Court.

Finally, if the United States or any of its departments or agencies intends to instruct its former employees that they are not authorized to answer questions regarding any topics summarized herein, we ask that you inform us in writing of that decision as soon as is practicable.

Thank you in advance for your time and consideration.

Respectfully,

*/s/ Justin K. Gelfand*
Justin K. Gelfand
Arthur S. Margulis
William S. Margulis
Ian T. Murphy
*Attorneys for Haning*



## U. S. Department of Justice

*Timothy A. Garrison*
*United States Attorney*
*Western District of Missouri*

*Gene Porter*  
*Criminal Division Chief*  
*Gene.Porter@usdoj.gov*

Charles Evans Whittaker Courthouse    (816) 426-3122  
400 East 9th Street, Suite 5510    Fax (816) 426-4210  
Kansas City, Missouri 64106-2637

December 20, 2018

Mr. Justin K. Gelfand  
Margulis Gelfand  
8000 Maryland Ave., Suite 420  
St. Louis, Missouri 63105

    Re: *United States v. William Douglas Hanning*

Dear Mr. Gelfand:

    This acknowledges receipt of your letter of December 19, 2018, regarding the evidentiary hearing scheduled for January 2, 2019, in the above-captioned matter.

    First, there is no need for subpoenas. While we do not agree or concede that testimony from any of the five identified witnesses is proper, and we will oppose efforts to have them testify (absent agreement as outlined below regarding the relevance and scope of the testimony), to whatever extent the court may authorize testimony from any of the five witnesses identified in your letter, we will produce the witnesses without the need for a subpoena.

    Second, we direct your attention to 28 U.S.C. § 16.23 which is the applicable *Touhy* regulation for the authorization of witness testimony from Department of Justice employees in cases such as this where the United States is a party. In particular, 28 C.F.R. § 16.23(c) states that where, such as here, "oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter."

    Your letter of December 19, 2018, provides neither an affidavit nor an adequate or meaningful summary of the testimony sought from the five persons you seek to call as witnesses. The letter states that you wish to "question each witness about any issues relevant at the evidentiary hearing about which the witness has firsthand knowledge" as well as any "facts that directly bear on actual conflicts of interest as set out in more detail in Haning's pleadings" but goes on to state that the testimony sought "includes, but is not limited to" such matters. This summary is so broad and circular as to be meaningless. It provides no contours or limits and explicitly asserts the ability to seek testimony beyond the overbroad specifications in the letter.

    Please provide a detailed and specific affidavit or summary setting forth the questions to be posed to each individual witness. Unless and until we are provided with such a detailed and

specific affidavit or summary, we cannot evaluate the request for testimony and decide whether to authorize or decline to authorize the requested testimony. If you are unwilling to define and limit the appropriate scope of the testimony, we will decline to authorize the testimony/disclosure, notify the court of our objection, and ask the court, if necessary, to quash the subpoenas.

On a directly related note, the essence of the disqualification motion seems to be an attack on the structure of the recusal chain of command. There are no factual disputes regarding the recusal chain of command. There is no need for witness testimony or an evidentiary hearing to establish the facts pertaining to the existing recusal chain of command.

On a final note, four of the five identified witnesses are Department of Justice employees, and the fifth is a Postal Service employee. As set out above, the Department of Justice has separate *Touhy* regulations that apply when the United States is a party to the litigation where testimony is sought. There are other *Touhy* regulations that apply when the United States is not a party to the litigation where testimony is sought. The Postal Service has a set of *Touhy* regulations that applies when the United States is not a party to the litigation, but no separate *Touhy* regulations that apply where, as here, the United States is a party to the litigation.

In the absence of a Postal Service *Touhy* regulation providing guidance for the authorization of testimony when the United States is a party, we intend to apply the applicable Department of Justice standards when evaluating whether to authorize testimony from the Postal Inspector in this case where the United States is a party.

We hope to receive the necessary affidavit at your earliest possible convenience. If it would help to more efficiently discuss ways in which the scope of the requested testimony can be properly limited and defined, we are, of course, available to informally discuss this matter at your convenience by phone or otherwise, the holiday season notwithstanding.

               Very truly yours,

               Matthew G. Whittaker
               Acting United States Attorney General

               Timothy A. Garrison
               United States Attorney
               Western District of Missouri

               *Gene Porter* (signature)

               Gene Porter
               Special Attorney to the Attorney General
               Criminal Division Chief
               Western District of Missouri