# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CR-00139-RWS-NAB |
| WILLIAM DOUGLAS HANING, | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S RESPONSE IN OPPOSITION
## TO THE GOVERNMENT'S MOTION TO QUASH

Defendant William Douglas Haning ("Haning"), by and through his counsel, Justin K. Gelfand, William S. Margulis, Arthur S. Margulis, Ian T. Murphy, and the law firm of Margulis Gelfand, LLC, respectfully opposes the Government's motion to quash the subpoenas issued on December 19, 2018 to witnesses Charles Birmingham, Gilbert Sison, Kyle Bateman, Doug Boland, and Wade Beach. (Doc. 99).

Citing no legal authority whatsoever, the Government asks this Court to quash the five subpoenas. (*See id.*). Moreover, the Government asserts no privilege or other legal ground on which the subpoenas should be quashed. *See* Fed. R. Crim. P. 17(c) (providing judicial authority to quash a subpoena if compliance would be "unreasonable or oppressive"); *see also* Doc. 99-1 at 4 ("While we do not agree or concede that testimony from any of the five identified witnesses is proper, and we will oppose efforts to have them testify (absent agreement as outlined below regarding the relevance and scope of the testimony), to whatever extent the court may authorize testimony from any of the five witnesses identified in your letter, we will produce the witnesses without the need for a subpoena"). Rather, the Government asserts that the prosecution, not this

Court, has the power to determine what evidence can and cannot be presented during the scheduled evidentiary hearing (*i.e.* relevancy and scope). But the law demands otherwise.

Where, as here, the Government is a party to an action, it "is to be treated in exactly the same way as any other litigant. Appointment to office does not confer upon a bureaucrat the right to decide the rules of the game applicable to his crusades or his lawsuits." *E.E.O.C. v. Los Alamos Constructors*, 382 F.Supp. 1373, 1375 (D. N.M. 1974). "Entitlement to receipt of a government paycheck is not a license to interfere with or to attempt to interfere with the fair administration of justice. Government files are not sacrosanct, and government employees are going to have to learn to live with the concept that even in their official capacity, they ordinarily have no fewer and no more rights in a lawsuit than does their adversary[.]". *Id.* at 1386. *See also Sperandeo v. Milk Drivers & Dairy Employees Local Union No. 537*, 334 F.2d 381, 383 (10th Cir. 1964) (federal agencies are bound by discovery rules in the same manner as any other litigant).

In cases such as this, where the Government is a voluntary party, the so-called *Touhy* regulations do not provide the Government with a mechanism from shielding facts from a defendant and from this Court. *See Alexander v. F.B.I.,* 186 F.R.D. 66, 69 (D.D.C. 1998) ("The Supreme Court's holding in *Touhy* is applicable only in cases where the United States is not a party to the original legal proceeding...In cases originating in federal court in which the federal government is a party to the underlying litigation, the *Touhy* problem simply does not arise"); *Merchants Nat'l Bank & Trust Co. v. United States*, 41 F.R.D. 266, 268 (D.N.D.1966) ("While the statute gives the Secretary the right to restrict disclosure, judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers"); *United States v. Fuentes-Correa*, 2013 WL 588892 at *8 (D. P.R. 2013) (unreported) ("[o]nce a defendant or litigant complies with an agency's or department's *Touhy* regulations, the agency or department head must either

2

authorize compliance with the subpoena or formally assert a privilege that would justify refusal to comply with the subpoena.... It is then left to the appropriate court to determine whether that claim of privilege bars the production of evidence or testimony sought"); *Menocal v. GEO Group, Inc.*, 2017 WL 4334000 at *3 (D. Colo. 2017) (unreported) ("The conspicuous and sensible purpose of the *Touhy* regulations is to protect an agency of government from unrestricted disclosure of official documents when that agency or its 'employees' are not parties to the litigation. The purpose is not to create obstacles or shields from the normal rules of discovery when that agency or its 'employees' are parties. In the latter case, the law requires them to be treated equally without special and predictably stilted advantage"); *Davis v. Braswell Motor Freight Lines, Inc.*, 363 F.2d 600, 603 n. 3 (5th Cir. 1966) ("even if the head of the department refuses to permit disclosure of the subpoenaed material, the ultimate determination of the privilege remains with the courts") (internal quotations omitted).

Indeed, where the Government does assert a privilege in response to a subpoena (*e.g.* national security), the law in criminal cases is crystal clear: "in criminal causes the Government can invoke its evidentiary privileges only at the price of letting the defendant go free. The rationale of the criminal cases is that, since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense." *Jencks v. United States*, 353 U.S. 657, 670-71 (1957).

Even setting aside, for a moment, the fact that the law is unambiguously on Haning's side with respect to the validity of these subpoenas, this Court should also reject the Government's entirely unfounded assertion that Haning has not complied with the *Touhy* regulations in this case—even while he maintains his objection to the applicability of the procedure. Haning fully

3

complied with the regulations on December 19, 2018—the day the subpoenas at issue were served via email on the Government. (*See* Doc. 99-1 at 1-3). And the Government's argument that compliance with the regulations requires Haning to "set[] forth the questions to be posed to each individual witness" has absolutely no basis in law. (*See* Doc. 99-1 at 4).

Haning maintains that *Touhy* regulations do not apply to cases in which the United States is a party. *See, e.g., Alexander v. FBI*, 186 F.R.D. 66, 70 (D.C. Cir. 1998). Moreover, the Fifth Amendment's Due Process Clause unambiguously permits a defendant in a federal criminal case to subpoena witnesses with firsthand knowledge of relevant facts at issue. *See also United States v. Bahamonde*, 445 F.3d 1225, 1228-29 (9th Cir. 2006) (holding that *Touhy* regulation that applied to Department of Homeland Security violated due process by failing to provide reciprocal discovery in that it "contains no requirement that the government specify the nature of testimony or other evidence that it intends to use to rebut the demanded testimony"). That a witness with relevant testimony might also be employed by a federal agency does not somehow insulate that witness from compulsory process. *See* U.S. Const. am. VI ("In all criminal prosecutions, the accused shall enjoy the right…to have compulsory process for obtaining witnesses in his favor").

That being said, the letter provided to the Government with the subject subpoenas fully complied with the arguably applicable Department of Justice *Touhy* regulation as it clearly set forth a summary of the testimony sought. The regulation provides:

> If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

28 C.F.R. § 16.23(c). In Haning's letter to Government counsel with the subject subpoena, Haning explained:

4

> Each of these witnesses has firsthand knowledge of facts relevant to the pending motion to dismiss the superseding indictment or, in the alternative, to disqualify the three EDMO prosecutors, and the defense reserves the right to question each witness about any issues relevant at the evidentiary hearing about which the witness has firsthand knowledge. This includes, but is not limited to, *the procedures utilized in connection with the office-wide recusal of the United States Attorney's Office for the Eastern District of Missouri*, the *witness's knowledge of EDMO personnel who have participated in this case*, and *facts that directly bear on actual conflicts of interest as set out in more detail in Haning's pleadings*. To the extent necessary and appropriate, each witness will be questioned about the witness's *background*, *training*, *experience*, and *education*.
>
> To be clear, this general summary is solely for purposes of complying with the so-called *Touhy* regulations—and *the scope of the witness's testimony will be limited by any parameters imposed by the Court*. This letter should not be interpreted as the defense's intention of exceeding those parameters and *the defense does not intend to elicit testimony unrelated to the issues raised in his pending motion*; rather, this letter is served solely for purposes of compliance with the *Touhy* regulations.

(Doc. 99-1 at 2) (emphases added). It cannot be reasonably disputed that this statement by Haning "set[s] forth a summary of the testimony sought"—and that is all that the regulation (if it even applies) requires.

Notwithstanding Haning's compliance with the purportedly applicable regulation, the Government singled out two statements contained within Haning's December 19, 2018 letter. (*See* Doc. 99-1 at 4). Specifically, the Government argued that Haning's statements that he seeks to "question each witness about any issues relevant at the evidentiary hearing about which the witness has firsthand knowledge" and that he intends to question each witness about "facts that directly bear on actual conflicts of interest as set out in more detail in Haning's pleadings" is "so broad and circular as to be meaningless." (Doc. 99-1 at 4).

For some reason, the Government fails to acknowledge Haning's express summary that he intends to question each witness about "the procedures utilized in connection with the office-wide recusal of the United States Attorney's Office for the Eastern District of Missouri [and] the

5

witness's knowledge of EDMO personnel who have participated in this case[.]" (Doc. 99-1 at 2). That Haning also seeks testimony of other issues of relevance that might arise during the evidentiary hearing does not make this summary any less clear.

There is absolutely no support for the Government's claim that Haning must provide an affidavit or summary that also sets out the "questions to be posed to each individual witness." (Doc. 99-1 at 4). Indeed, it appears the Government has adopted the view—supported by no law whatsoever—that a party seeking to call a Government witness (*e.g.* an AUSA or an FBI special agent) must provide a question-by-question outline to the Government in advance of the hearing. (*See id*.). Haning's refusal to do that which he is not required to do has not prevented the Government from considering whether to authorize the testimony sought by Haning and does not provide this Court with any legally justifiable reason for denying Haning his constitutional right to call witnesses who possess firsthand knowledge of issues relevant to his pending motion at the evidentiary hearing set by this Court.

In *United States v. Aponte-Sobrado*, 824 F. Supp. 2d 285, 286 (D.P.R. 2011), the Government insisted that the *Touhy* regulations, codified in 28 C.F.R. § 16.21 *et seq*., provided grounds for the court to quash the defendant's subpoena. Rejecting that argument, the court explained,

> the regulations are directed primarily at providing "guidance for the internal operations of the Department of Justice", so that disclosure requests are centrally consolidated and streamlined within the Department. 28 C.F.R. § 16.21 *et seq., see also United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 467 (1951) (finding that "a refusal by a subordinate of the Department of Justice to submit papers to the court in response to its subpoena duces tecum on the ground that the subordinate is prohibited from making such submission by his superior" was valid and proper.) In fact, nothing in the language of these regulations makes reference to the Department's ability to withhold evidence against a court order when a subpoena has been appropriately issued by a party defendant.

*Id.* at 286-87.

6

There, like here, the Government asserted that the defendant's subpoena failed to satisfy the specificity requirements of the *Touhy* regulations, citing 28 C.F.R. § 16.23(c). *Id.* at 287. The *Aponte-Sobrado* court noted, "this section of the statute simply requires the party seeking testimony to provide a 'summary of the testimony sought' 'to the Department attorney' and makes no reference to any required level of specificity." *Id.* The court then concluded that the letter sent by the defendant satisfied the requirements of the statute. *Id.*

It cannot be reasonably disputed that Haning's December 19, 2018 letter provides a reasonable "summary of the testimony sought." The Government's professed failure to begin the process for considering whether to authorize the testimony, despite being provided with a more than adequate summary of the testimony sought more than two weeks prior to the scheduled evidentiary hearing, does not preclude this Court from ordering the properly subpoenaed witnesses to testify.

Furthermore, while the Government chooses in its motion to rely on no law whatsoever, there is law governing the circumstances where a court may quash a subpoena: "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c). The Government asserts neither circumstance and, in fact, expressly states that its witnesses will be available at the hearing to testify if this Court permits the testimony. (*See* Doc. 99-1 at 4). The Government's entire objection to Haning's compliance with the *Touhy* regulations—based on completely ignoring the summary included in the letter (and not quoted in the response)—is that Haning's summary was not sufficient. But in the same letter, the Government states that it "will oppose efforts to have them testify (absent agreement as outlined below regarding the relevance and scope of the testimony). (*Id.*). The *Touhy* regulations were not intended to, and do not, provide a vehicle for the Government to unilaterally object to testimony based on relevancy and/or scope as those are matters within the

7

exclusive jurisdiction of the court presiding over the evidentiary hearing. *See, e.g., Streett v. United States*, 1996 WL 765882 at *4 (W.D. Va. 1996) ("neither § 301.9000-1 nor *Touhy* may be used as a tool by the executive to usurp the judiciary's role in determining what evidence will enter the courtroom. Our legal system would not endure long with the opposite rule, where a party to a dispute doubles as the referee"); *see also United States v. Reynolds*, 345 U.S. 1, 9-10 (1953) ("judicial control over evidence in a case cannot be abdicated to the caprise of executive officers").

Furthermore, this Court should consider this motion in its proper context: this is but the most recent attempt by the Government to prevent Haning from adducing evidence relevant to his pending motion to dismiss—all while curiously resisting an evidentiary hearing by claiming there are no factual disputes. In its response to Haning's pending motion, the Government asserts that this Court should summarily deny Haning's motion without an evidentiary hearing. (Doc. 92 at 23). And despite asserting in its response to Haning's motion to dismiss that the subpoena in Haning's possession issued by Mr. Birmingham in his capacity as an EDMO AUSA was "isolated and aberrant" (Doc. 92 at 12), the Government has refused to produce to Haning or, *in camera* to this Court, redacted grand jury subpoenas utilized by the Government in its investigation of this case so that the parties and this Court may have a full and accurate factual foundation upon which this Court may apply the law. (*See* Doc. 98; *see also* Doc. 96-3 ("The Government does not intend to produce any additional materials in advance of the hearing")).

By arguing that this Court should summarily deny Haning's motion without evidence, the Government is implicitly arguing that there are no factual disputes. If this is, in fact, the case, this Court should grant Haning's motion as it asserts facts and inferences entitling him to the relief he seeks. If this is not the case, this Court should permit Haning to adduce evidence in support of his

8

arguments so as to allow this Court to render a decision with the aid of necessary evidence. If Haning's arguments are, in fact, "meritless" (Doc. 92 at 1), the Government would not so forcefully oppose Haning's attempt to provide this Court with evidence in support of his position. But the Government's position cannot be reconciled with the law and the fundamental tenets of due process. The Government appears to be arguing, on one hand, that Haning should be prohibited from introducing evidence in support of his arguments and, on the other, that this Court should deny Haning's motion on the grounds that he has failed to establish a sufficient evidentiary record.

Because Haning is constitutionally entitled to adduce relevant evidence at the January 2, 2019 evidentiary hearing, because Haning has fully complied with the arguably applicable *Touhy* regulations, and because the Government has offered this Court with no legally sound reason to quash the appropriately issued subpoenas as compliance would not be unreasonable or oppressive, this Court should deny the Government's motion to quash. The Government is a voluntary party to this proceeding; therefore, it cannot rely on *Touhy* to shield the facts—in any instance, but certainly here where Haning has complied with the arguably-applicable *Touhy* regulations notwithstanding his adamant objections to their applicability.

Respectfully submitted,

**Margulis Gelfand, LLC**

 /s/ *Justin K. Gelfand*
JUSTIN K. GELFAND, #62265
WILLIAM S. MARGULIS, #37625
ARTHUR S. MARGULIS, #16906MO
IAN T. MURPHY, #68289
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
bill@margulisgelfand.com
art@margulisgelfand.com
ian@margulisgelfand.com

10

**Certificate of Service**

I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

*/s/ Justin K. Gelfand*
JUSTIN K. GELFAND, #62265
WILLIAM S. MARGULIS, #37625
ARTHUR S. MARGULIS, #16906MO
IAN T. MURPHY, #68289
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
bill@margulisgelfand.com
art@margulisgelfand.com
ian@margulisgelfand.com
