IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No.   4:18-CR-00139-RWS-NAB |
| WILLIAM DOUGLAS HANING, | |
| Defendant. | |

**GOVERNMENT'S OBJECTION ON SEPARATION OF POWERS GROUNDS
TO DISCOVERY PROCEEDINGS DIRECTED AT RECUSAL PROCEDURES AND
PROTOCOLS AND CONFERRING UPON THE DEFENDANT ANY RIGHTS
INCLUDING THE RIGHT TO CONFRONTAND CROSS-EXAMINE
(OBJECTION #4)**

The United States of America, by and through William P. Barr, Attorney General for the United States, Timothy A. Garrison, United States Attorney for the Western District of Missouri, and Charles S. Birmingham, Special Attorney to the United States Attorney General, respectfully submits the following objection[1] and submits the following in support of said objection.

The defendant has a constitutional right to confront and then cross-examine witnesses brought against him at trial. The right to cross-examination, protected by the Sixth Amendment's Confrontation Clause, is essentially a "functional" right designed to promote reliability in the truth-finding function of a criminal trial. *Kentucky v. Stincer*, 482 U.S. 730, 737 (1987). In *Pennsylvania v. Ritchie*, the Supreme Court cautioned against transforming the Confrontation Clause "into a constitutionally compelled rule of pretrial discovery." *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987). "Nothing in the case law supports such a view. The opinions of this Court show that the right to confrontation is a *trial* right. The ability to question adverse

---

[1] The government, in support of this objection incorporates by reference "Objection #1", "Objection #2", and "Objection #3", filed this date by the Government, as if fully set forth herein.

witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." *Ritchie,* 480 U.S. at 52- 53.

The Government now underscores the fact that the undersigned counsel is not "adverse" to the defendant because he is a prosecutor on the case and may ultimately call witnesses against the defendant at trial.  Moreover, the parties in this case are not presently in any way, shape or form engaged in a proceeding that has any bearing on whether the defendant committed the crimes set forth in the Superseding Indictment.  The Government has not called anyone against the defendant in these proceedings (including undersigned counsel) nor has it taken any action that has triggered a right to "cross-examination."  (Government's Attachment 1).

The defendant does not have the right to cross-examine the lead attorney in the criminal prosecution simply because the defendant has filed a motion to disqualify and now wants to discover who the undersigned has talked to, discover what role the receptionist at the Eastern District of Missouri United States Attorney's Office has played in the investigation, discover where the paper files are kept or discover how shared printers are used.   There is no constitutional support for the conclusion that the undersigned is a witness because he is a witness and therefore the defendant has a right to cross-examination.[2]

The defendant, of course, recognizes that he has no constitutional right to this type of evidentiary hearing.[3]  So, the defendant has presented the voluntary recusal itself (and the

---

[2] Sixth Amendment compulsory process rights and the broader protections of the Due Process Clause are similarly inapplicable.   The Compulsory Process Clause, like the Confrontation Clause, applies to trials and the government assisting in compelling the attendance of favorable witnesses to the defendant at trials. *Ritchie,* at 56.   There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one.   Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance. *Id*. at 59 (*citing Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

[3] The government certainly would have no objection to an evidentiary hearing if there was a credible and specific accusation of misconduct by the government that prejudiced the defendant. See, for example, *United States v. Ervin*, 2012 WL 1852992, (M.D. Alabama, 2012) where the Court conducted an evidentiary hearing (and heard testimony

manuals, policies and procedures that apply), as conferring upon him a general right (which they do not) to inquire into the recusal without alleging any specific misconduct or prejudice.  Yet, the one part of the Executive Branch's recusal decision[4] that the defendant, and the Court, continue to ignore is the one part of the recusal that speaks directly to the relief the defendant seeks and squarely exposes the defendant's motion as meritless:

> The ADAG has authorized the following Assistant United States Attorneys and personnel from the Eastern District of Missouri to continue working on this matter under the direction of the Western District of Missouri:
>
> AUSA Charles Birmingham
> AUSA Gil Sison
> Forfeiture AUSA Kyle Bateman
> IT Specialist-Litigation Beau Toth
> Legal Assistant Patricia Rockers
> Legal Assistant Julie Hurst

(Government's Attachment 3)

To the extent that the Court feels it must consider the defendant's motion to disqualify Assistant United States Attorneys from the Eastern District of Missouri based upon the recusal procedures and protocols put in place, then the Government respectfully submits that the Court

---

from counsel for the parties) on the defendants motion for new trial based upon specifically alleged juror misconduct during voir dire.   There are no allegations of misconduct or ethical violations before the Court as to any attorney for the Government including undersigned counsel. "The Court:   I am not accusing you of anything… I don't believe they are accusing you of anything. (Government's Attachment 2).

[4]  The Executive Branch, of course, reserved the exclusive right to authorize additional AUSAs and personnel from the Eastern District of Missouri to work on this matter.   The Executive Branch in fact exercised its exclusive right and discretion in this regard when it issued its amended recusal notice of July 31, 2018 and also reaffirmed (post-indictment of the defendant) that the same AUSAs were authorized to continue working on this matter.   The Amended notice stated "The following Assistant United States Attorneys and personnel from the Eastern District of Missouri have been authorized to continue working on this matter under the direction of the Western District of Missouri: AUSA Charles Birmingham, AUSA Gil Sison, Forfeiture AUSA Kyle Bateman, IT-Specialist Litigation Beau Toth, Legal Assistant Patricia Rockers and Legal Assistant Julie Hurst.   This amendment now includes Mr. Milton McDaniel in that group.   The continued involvement of any of these Eastern District of Missouri personnel is at the discretion of the United States Attorney for the Western District of Missouri. In the event that the Western District of Missouri wants to use additional AUSAs from the Eastern District of Missouri to assist it in this matter(s), it must submit a request to General Counsel's Office, EOUSA, that includes (1) a detailed justification of the need for the use of an AUSA, and (2) a detailed statement of the role the AUSA would play. ADAG Weinsheimer retains the authority to approve/disapprove any such request."   (Government's Attachment 4).

must recognize that the defendant is the <u>only</u> individual seeking to disturb what was, in fact, authorized by the Executive Branch.  The Government further respectfully submits that the Court has the record it needs to dispose of the defendant's motion.  The conclusion that the Court needs more, or that the defendant has a right to discover more through cross-examination or otherwise, can only be reached by disregarding the principle of separation of powers.

Because the evidence and the record before the Court have already established that appointed and authorized attorneys for the government are, in fact, conducting this investigation and criminal prosecution under the supervision of the Office of the United States Attorney for the Western District of Missouri, and because the relief sought by the defendant is improper as a matter of law, the Judicial Branch cannot, without violating the principle of separation of powers, now confer upon the defendant rights he does not have in order to justify conducting a discovery hearing.  Accordingly, the government objects to conferring upon the defendant a right to cross-examine appointed counsel or any other right that extends the ongoing proceeding in violation of the Separation of Powers.

Dated: March 20, 2019                    Respectfully submitted,

WILLIAM P. BARR
United States Attorney General

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

PHILLIP EUGENE PORTER
Special Attorney to the
United States Attorney General

*/s/ Charles S. Birmingham*
CHARLES S. BIRMINGHAM
Special Attorney to the
United States Attorney General

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Phillip Eugene Porter*
PHILLIP EUGENE PORTER
Special Attorney to the
United States Attorney General
