UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CR-00139-RWS-NAB |
| | ) | |
| WILLIAM DOUGLAS HANING, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS COUNTS TWO THROUGH TWENTY OF THE SUPERSEDING INDICTMENT BECAUSE THEY ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Defendant William Douglas Haning ("Haning"), by and through undersigned counsel, respectfully moves this Court, to dismiss Counts 2 through 20 of the superseding indictment as they are time-barred by the applicable statute of limitations.[1]

**I.    Background**

On February 14, 2018, Haning was charged in an indictment with 31 counts. (Doc. 1). Count 1 charged him with conspiracy in violation of 18 U.S.C. § 1349. (*Id.*). Counts 2 through 31 charged him with wire fraud in violation of 18 U.S.C. § 1343. (*Id.*). Haning pleaded not guilty to all counts.

Following the issuance of the initial indictment, the parties engaged in significant motion practice, culminating in a motion to dismiss the indictment or, in the alternative, to disqualify the prosecution team filed on November 13, 2018. (Doc. 72). On November 28, 2018, the Government filed its response in opposition. (Doc. 79). The very next day, the Government sought, and the

---

[1] Haning is contemporaneously a motion to dismiss the superseding indictment in its entirety on the grounds that it violates the First Amendment to the United States Constitution. If this Court grants the motion to dismiss the superseding indictment in its entirety, the arguments set out herein need not be considered.

grand jury returned, a superseding indictment, adding 19 felony counts. (Doc. 82).

The pending superseding indictment charges Haning with one count of conspiracy in violation of 18 U.S.C. § 1349, thirty-two counts of wire fraud in violation of 18 U.S.C. § 1343, nine counts of mail fraud in violation of 18 U.S.C. § 1341, seven counts of money laundering in violation of 18 U.S.C. § 1957, and one count of conspiracy in violation of 18 U.S.C. § 371. (Doc 82). Haning, again, pleaded not guilty to all counts.

Because the superseding indictment was issued on November 29, 2018, and because the conduct alleged in Counts 2 through 20 occurred more than five years prior to that date, this Court should dismiss those counts.

## II. Discussion

### A. The Statute of Limitations for Counts 2 through 20 is Five Years

Counts 2 through 20 of the superseding indictment each charge Haning with wire fraud in violation of 18 U.S.C. § 1343. (*See* Doc. 82). The "general catchall federal criminal statute of limitations, 18 U.S.C. § 3282(a), establishes a five-year limitations period for non-capital federal offenses." *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) (quoting *Agency Holding Corp. v. Malley–Duff & Assocs., Inc.,* 483 U.S. 143, 155 (1987)) (internal quotation marks omitted); 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed").

Counts 2 through 20 each allege that Haning sent an email on a particular date between February 20, 2013 and September 12, 2013, and that each of these emails constitutes wire fraud. (Doc. 82). Thus, each email constitutes a separate offense. *See United States v. Clausen,* 792 F.2d 102, 104 n.4 (8th Cir. 1986) ("Each separate interstate telephone call in furtherance of a scheme

2

to defraud or a scheme to obtain money by false pretenses constitutes a separate offense under 18 U.S.C. § 1343").

"For purposes of mail fraud and wire fraud, the five-year statute of limitations begins to run from the date of mailing of the fraudulent information. Each mailing constitutes a separate offense." *United States v. Tadros*, 310 F.3d 999, 1006 (7th Cir. 2002) (citing *United States v. Barger,* 178 F.3d 844, 847 (7th Cir.1999)). "[I]t is well-settled that the statute of limitations for wire fraud and mail fraud does not begin running with the completion of the fraud scheme; rather, it runs from the date of the charged call or mailing in furtherance of the scheme. It is therefore irrelevant when the fraud scheme itself ended, so long as the charged call or mailing took place within the statutory period." *United States v. Eckhardt*, 843 F.2d 989, 993 (7th Cir. 1988) (citing *United States v. Read,* 658 F.2d 1225, 1240 (7th Cir. 1981); *Fournier v. United States,* 58 F.2d 3, 6 (7th Cir. 1932)). *See also Barger*, 178 F.3d at 847 ("it is well settled that the statute of limitations for mail fraud begins running on the date of the mailing and not when the criminal scheme is complete. Mail fraud is not an offense listed as a 'continuing offense' whose statute of limitations begins at the end of a continuous course of criminal conduct." (citing *United States v. Dunn,* 961 F.2d 648, 650 (7th Cir.1992); *Toussie v. United States,* 397 U.S. 112, 134-35 (1970) (White, J., dissenting)). *See also United States v. St. Gelais*, 952 F.2d 90, 96–97 (5th Cir. 1992) ("The government contends that although the actual transfers occurred in 1984, [the] scheme to defraud continued into 1985 and should be treated as a continuing offense. We disagree. Each wire transmission in furtherance of a scheme to defraud constitutes a separate crime. It is not the scheme to defraud but the use of the mails or wires that constitutes mail or wire fraud") (citing *United States v. Blankenship,* 746 F.2d 233, 236 (5th Cir.1984); *United States v. Ashdown,* 509 F.2d 793, 798 (5th Cir. 1975)).

The superseding indictment was returned on November 29, 2018. (Doc. 82). Because the statute of limitations for wire fraud is five years, and because the emails in Counts 2 through 20 were each allegedly sent on some date more than five years before November 29, 2018, each count is unambiguously time-barred and should be dismissed.

B.  The Superseding Indictment Does Not "Relate Back"

The only way Counts 2 through 20 are not time-barred, is if the superseding indictment "relates back" to the initial indictment. The law establishes that, in this case, the superseding indictment cannot possibly relate back to the date of the initial indictment.

For limitations purposes, "a superseding indictment filed while the original indictment is validly pending relates back to the time of filing of the original indictment if it does not substantially broaden or amend the original charges." *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) (quoting *United States v. Hance*, 501 F.3d 900, 905 (8th Cir. 2007)). To determine whether a superseding indictment substantially broadens or amends a pending indictment, the Eighth Circuit considers "whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence." *Id.* (quoting *United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003)). "Superseding indictments have been deemed timely when they simply added detail to the original charges, narrowed rather than broadened the charges, contained amendments as to form but not substance, or were otherwise trivial or innocuous." *Id.* (quoting *United States v. Zvi*, 168 F.3d 49, 54 (2d Cir. 1999)).

The superseding indictment adds 19 felonies to the initial indictment and alleges, for the first time, that Haning committed mail fraud in violation of 18 U.S.C. § 1341, money laundering in violation of 18 U.S.C. § 1957, and conspiracy in violation of 18 U.S.C. § 371. (*See* Doc 82). As

4

such, the superseding indictment unquestionably broadens substantially and amends the initial indictment, and it also alleges violations of different statutes, contains different elements, relies on different evidence, and exposes Haning to a potentially greater sentence. Accordingly, the superseding indictment does not relate back to the initial indictment.

Moreover, in the Eighth Circuit, the "touchstone" of the analysis for determining whether a superseding indictment "substantially broadens or amends a pending timely indictment" is "whether the original indictment provided the defendant with fair notice of the subsequent charges against him." *Yielding*, 657 F.3d at 704. The superseding indictment in this case adds 19 felony counts. The initial indictment, which charged Haning with wire fraud, did not provide him with fair notice that he would subsequently be charged with mail fraud, money laundering, and conspiracy in violation of 18 U.S.C. § 371.

What the Government did in this case is precisely what the law prohibits where, as here, the superseding indictment was filed after the statute of limitations for Counts 2 through 20 expired. As such, Haning respectfully moves this Court to dismiss those counts.

**III.   Conclusion**

Based on the foregoing, Haning respectfully requests that this Court grant this motion, dismissing Counts 2 through 20 of the superseding indictment.

5

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ Ian T. Murphy*
ARTHUR S. MARGULIS, #16906MO
WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
IAN T. MURPHY, #68289
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
art@margulisgelfand.com
bill@margulisgelfand.com
justin@margulisgelfand.com
ian@margulisgelfand.com
**Attorneys for Defendant**

**Certificate of Service**

I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

*/s/ Ian T. Murphy*
ARTHUR S. MARGULIS, #16906MO
WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
IAN T. MURPHY, #68289
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
art@margulisgelfand.com
bill@margulisgelfand.com
justin@margulisgelfand.com
ian@margulisgelfand.com
**Attorneys for Defendant**