UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CR-00139-RWS-NAB |
| WILLIAM DOUGLAS HANING, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS TWO THROUGH TWENTY OF THE SUPERSEDING INDICTMENT BECAUSE THEY ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Defendant William Douglas Haning ("Haning"), by and through undersigned counsel, respectfully offers this reply in support of his motion to dismiss Counts 2 through 20 of the superseding indictment as they are time-barred by the applicable statute of limitations. (Doc. 134).

**I.   Background**

On February 14, 2018, Haning was charged in an indictment with 31 counts. (Doc. 1). Count 1 charged him with conspiracy in violation of 18 U.S.C. § 1349. (*Id.*). Counts 2 through 31 charged him with wire fraud in violation of 18 U.S.C. § 1343. (*Id.*). On November 29, 2018, the Government sought, and the grand jury returned, a superseding indictment, adding 19 felony counts. (Doc. 82).

The pending superseding indictment charges Haning with one count of conspiracy in violation of 18 U.S.C. § 1349, thirty-two counts of wire fraud in violation of 18 U.S.C. § 1343, nine counts of mail fraud in violation of 18 U.S.C. § 1341, seven counts of money laundering in violation of 18 U.S.C. § 1957, and one count of conspiracy in violation of 18 U.S.C. § 371. (Doc 82). Haning pleaded not guilty to all counts.

Because the superseding indictment was filed on November 29, 2018, and because the conduct alleged in Counts 2 through 20 occurred more than five years prior to that date, this Court should dismiss those counts.

**II.     Discussion**

In *Yielding*, the Eighth Circuit held, "a superseding indictment filed while the original indictment is validly pending relates back to the time of filing of the original indictment if it does not substantially broaden or amend the original charges." *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) (quoting *United States v. Hance*, 501 F.3d 900, 905 (8th Cir. 2007)). To determine whether a superseding indictment substantially broadens or amends a pending indictment, the Eighth Circuit considers "whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence." *Id.* (quoting *United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003)).

"Superseding indictments have been deemed timely when they simply added detail to the original charges, narrowed rather than broadened the charges, contained amendments as to form but not substance, or were otherwise trivial or innocuous." *Id.* (quoting *United States v. Zvi*, 168 F.3d 49, 54 (2d Cir. 1999)). Moreover, the "touchstone" of the analysis for determining whether a superseding indictment "substantially broadens or amends a pending timely indictment" is "whether the original indictment provided the defendant with fair notice of the subsequent charges against him." *Yielding*, 657 F.3d at 704.

Here, the superseding indictment added 19 felonies to the initial indictment and alleges, for the first time, that Haning committed mail fraud in violation of 18 U.S.C. § 1341, money laundering in violation of 18 U.S.C. § 1957, and conspiracy in violation of 18 U.S.C. § 371. (*See*

2

Doc 82). As such, the superseding indictment unquestionably broadens and amends the initial indictment, and it also alleges violations of different statutes, contains different elements, relies on different evidence, and exposes Haning to a potentially greater sentence. Furthermore, the initial indictment, which charged Haning only with wire fraud, did not provide him with fair notice that he would subsequently be charged with mail fraud, money laundering, and conspiracy in violation of 18 U.S.C. § 371. Accordingly, under *Yielding*, the superseding indictment does not relate back to the initial indictment and Counts 2 through 20 are time barred. *See* 18 U.S.C. § 1343.

In its response, the Government accuses Haning of "tak[ing] *Yielding*'s language out of context[.]" (Doc. 143 at 6). However, the Government fails to explain how. Indeed, it is the Government that asks this Court to read into *Yielding* that which does not appear in the Eighth Circuit's opinion.

In conclusory fashion, the Government claims, "[s]ince Counts 2 through 20 of the superseding indictments [sic] are absolutely *identical* to Counts 2 through 20 of the original indictment, they obviously relate back to the original timely filed counts." (Doc. 143 at 1) (emphasis in original). Saying something is "obviously" true does not make it so. And in this case, if the Government's view is that "identical" counts always relate back, the Government fails to cite a single case from this jurisdiction or elsewhere that stands for this proposition—because the Eighth Circuit has never reached that conclusion.

In an effort to bend *Yielding*'s holding into a place where it might support its position, the Government contends that the dispositive question is not—as *Yielding* actually held—whether the superseding *indictment* alleges "violations of a different statute, contain[s] different elements, rel[ies] on different evidence, or expose[s] the defendant to a potentially greater sentence[;]" it is whether the individual *counts* do. (*See* Doc. 143 at 5). But that is plainly not what the Eighth

3

Circuit actually held and the Government's position makes no sense.

*Yielding*'s holding is nonsensical if it is interpreted as the Government advocates. *Yielding* expressly held that a superseding indictment does not relate back if it substantially broadens the original charges. *Yielding*, 657 F.3d at 703. The Eighth Circuit held that an indictment is substantially broadened if the superseding indictment alleges violations of a different statute and contains different elements. *Id.* It is not possible to "allege violations of a different statute" or to add "different elements" without adding additional counts. That is precisely why the Eighth Circuit focused on whether the superseding *indictment* alleged violations of a different statute and/or additional elements. *See id.* Under the Government's strained interpretation of *Yielding*, Counts 2 through 20 of the superseding indictment relate back merely because they allege violations of the same statute and do not contain different elements. But that would require this Court to focus only on the counts themselves, not on the indictment. *See id.* at 703 ("Superseding *indictments* have been deemed timely when they simply added detail to the original charges, narrowed rather than broadened the charges, contained amendments as to form but not substance, or were otherwise trivial or innocuous") (emphasis added).

*Yielding* is simply not limited as the Government contends. It utilizes broad language, instructing courts to look to the *indictments* at issue, not the *counts*, in determining whether a superseding indictment relates back to the initial indictment. The question is not whether Counts 2 through 20 allege violations of different statutes or require proof of different elements. The question is whether the superseding indictment does.

Moreover, *Yielding* also counsels that the "touchstone" of the analysis for determining whether a superseding indictment "substantially broadens or amends a pending timely indictment" is "whether the original indictment provided the defendant with fair notice of the subsequent

4

charges against him." *Yielding*, 657 F.3d at 704. Again, under the Government's apparent interpretation, this pronouncement makes no sense if limited to a count-by-count analysis. It only makes sense when comparing indictments side-by-side. Here, it cannot reasonably be maintained that the original indictment, which charged Haning with wire fraud, provided him with fair notice that he would subsequently be charged with mail fraud, money laundering, and conspiracy in violation of 18 U.S.C. § 371. As such, under the "touchstone" of the analysis under *Yielding*, the superseding indictment does not relate back to the initial indictment and Counts 2 through 20 of the superseding indictment are time-barred and must, therefore, be dismissed.

The bottom line is that the Government is asking this Court to become the first in this circuit to find that the Eighth Circuit's decision in *Yielding* carves out an exception for indictments with time-barred counts as long as those counts were included in a timely indictment. The problem for the Government is that Congress never said so, the Eighth Circuit held otherwise, and the counts Haning seeks to dismiss are unambiguously time-barred based on the dates alleged in the superseding indictment and the date the charging document was filed.

### III.   Conclusion

Based on the foregoing, Haning respectfully requests that this Court grant his motion to dismiss Counts 2 through 20 of the superseding indictment as they are time-barred by the statute of limitations.

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ Ian T. Murphy*
ARTHUR S. MARGULIS, #16906
WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
IAN T. MURPHY, #68289
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
art@margulisgelfand.com
bill@margulisgelfand.com
justin@margulisgelfand.com
ian@margulisgelfand.com
**Attorneys for Defendant**

**Certificate of Service**

I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

> */s/ Ian T. Murphy*
> ARTHUR S. MARGULIS, #16906
> WILLIAM S. MARGULIS, #37625
> JUSTIN K. GELFAND, #62265
> IAN T. MURPHY, #68289
> 8000 Maryland Ave., Ste. 420
> St. Louis, MO 63105
> Telephone: 314.390.0234
> Facsimile: 314.485.2264
> art@margulisgelfand.com
> bill@margulisgelfand.com
> justin@margulisgelfand.com
> ian@margulisgelfand.com
> **Attorneys for Defendant**

**Certificate of Service**

I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

*/s/ Ian T. Murphy*
ARTHUR S. MARGULIS, #16906
WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
IAN T. MURPHY, #68289
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
art@margulisgelfand.com
bill@margulisgelfand.com
justin@margulisgelfand.com
ian@margulisgelfand.com
**Attorneys for Defendant**