```
                    UNITED STATES OF AMERICA
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )
                                 )
   vs.                           ) No. 4:18-CR-139 RWS/NAB
                                 )
WILLIAM DOUGLAS HANING,          )
                                 )
        Defendant.               )


              TRANSCRIPT OF STATUS CONFERENCE

         BEFORE THE HONORABLE NANNETTE A. BAKER
              UNITED STATES MAGISTRATE JUDGE

                       May 2, 2019

APPEARANCES:

For Plaintiff:     Mr. Charles S. Birmingham
                   OFFICE OF U.S. ATTORNEY
                   111 S. 10th Street, 20th Floor
                   St. Louis, MO  63102

                   Ms. Kathleen D. Mahoney (via telephone)
                   OFFICE OF U.S. ATTORNEY
                   400 E. Ninth Street, Room 5510
                   Kansas City, MO  64106

For Defendant:     Mr. Justin K. Gelfand
                   Mr. William S. Margulis (via telephone)
                   MARGULIS GELFAND, LLC
                   8000 Maryland Avenue, Suite 420
                   St. Louis, MO  63105

RECORDED BY:       DEPUTY CLERK CARRIE ABRAMS

TRANSCRIBED BY:    SUSAN R. MORAN, RMR, FCRR
                   Official Court Reporter
                   111 South 10th Street
                   St. Louis, MO  63102
                   (314) 244-7983

Proceedings recorded by electronic recording.
```

```
 1              (The following proceedings were held in open court
 2    on May 2, 2019 at 2:05 p.m.:)
 3              THE COURT:  All right.  Next we have United States
 4    of America versus William Haning.  And this is Cause No.
 5    4:18-CR-139.  Good afternoon.
 6              MR. BIRMINGHAM:  Good afternoon, Your Honor.
 7              THE COURT:  Good afternoon.
 8              MR. GELFAND:  Good afternoon, Your Honor.
 9              THE COURT:  Good afternoon.  I set this status
10    hearing because in this case we have had a lot of things
11    filed.  We've had -- just to go over where we are, presently
12    pending before the -- oh, are you adding someone?  I'm sorry.
13              MR. BIRMINGHAM:  Kate Mahoney, I believe, Your
14    Honor.
15              THE COURT:  Okay.  I apologize.
16              UNIDENTIFIED SPEAKER:  All right.  I have Art
17    Margulis and Kate Mahoney on the line.
18              THE COURT:  Okay.  Good afternoon.
19              MR. MARGULIS:  Good afternoon, Judge.
20              THE COURT:  You guys missed being sworn in to the
21    State of Missouri.  I just did a Law Day swearing in of all
22    the counsel who were present in court.  But I'll allow you to
23    miss that.
24              MS. MAHONEY:  Thank you.
25              THE COURT:  It's kind of nice to be reminded.
```

1           So as I was just stating, we're on the record now in
2    Cause No. 4:18-CR-139, which is United States of America
3    versus William Haning.  I set this status -- this is a status
4    conference.  And for a couple of reasons we have had a lot of
5    things filed in this case.  And I want to discuss what we
6    need to do going forward.
7           So presently pending are the Motion to Dismiss
8    Indictment and the Motion to Dismiss Superseding Indictment.
9    These are documents number 72 and 88, which we held an
10   evidentiary hearing in February.  And then there were various
11   things filed.  There was an opposition filed, a reply -- or
12   declarations and several other things that have been filed in
13   this case.
14          One of the things that I wanted to talk about with
15   regard to this case -- and then there were some objections
16   filed which are the Documents 126 through 129.  And I think
17   then there was a Motion to Strike the Objections.  Is that
18   right?  That the defendant filed, correct?  I'm just trying
19   to get through it.
20          And then there were a whole group of other motions
21   filed, 130, 131, 132, 33, and 34, which appear to be more
22   discovery motions in addition to a Motion to Dismiss
23   Indictment.  So those are what I see that we have pending.
24          With regard to those -- the last five motions, at
25   least the motions -- the Motion to Dismiss Indictment, I

1  would like to at some point have some argument on that, and I
2  want to set a time to do that, okay.
3           So going back to our Motion to Dismiss Superseding
4  Indictment and where we left it, there were -- there was an
5  issue of whether or not Mr. Birmingham should testify as part
6  of that proceeding.
7           I had an opportunity to review various documents in
8  this case and review some case law, and with regard to that
9  particular motion, I have decided that I am not going to
10 compel Mr. Birmingham to testify in this case.  From
11 everything that I have reviewed, I do not find that the
12 defendants have shown that Mr. Birmingham has an actual
13 conflict in this case.
14          I think that we all agree that there is an actual
15 conflict with regard to Mr. Jensen.  And as we know,
16 Mr. Jensen -- there was a decision made by the U.S.
17 Attorney's Office to disqualify the whole office.  This was a
18 voluntary disqualification by the U.S. Attorney's Office.
19 This was not compelled by the Court.
20          And from everything that has been presented so far,
21 I'm not seeing that there's been any showing that
22 Mr. Birmingham has an actual conflict and, therefore, I am
23 not going to compel him to testify.  We have testimony
24 regarding how the U.S. Attorney's Office -- Mr. Porter
25 testified as to how they handled things after that -- after

1    the voluntary recusal process took place.
2         So I want to tell you that to say that we -- I don't
3    believe that there's any additional testimony to be had in
4    that particular case.  Do you understand?  You may not agree.
5         MR. GELFAND:  We understand.
6         THE COURT:  All right.  Okay.  So with regard to
7    that, I will be taking that motion, all of the information,
8    all of the -- all the testimony and evidence that we've taken
9    in that case taken under advisement and issue a ruling
10   regarding that, okay.
11        With regard -- yes.
12        MR. GELFAND:  I'm sorry.  With respect to that
13   motion --
14        THE COURT:  Uh-huh.
15        MR. GELFAND:  -- the Court has obviously received to
16   say the least an abundance of pleadings on various issues.
17        THE COURT:  Uh-huh, yeah.
18        MR. GELFAND:  Some directly related to the argument
19   and some collateral.  We would like the opportunity given
20   what was actually testified to --
21        THE COURT:  Uh-huh.
22        MR. GELFAND:  -- at the evidentiary hearing to be
23   permitted to brief the Court, essentially to submit a post-
24   evidentiary hearing brief --
25        THE COURT:  Okay.

```
 1              MR. GELFAND:  -- as to the legal and factual issues.
 2              THE COURT:  Based on what we have everything -- all
 3   right.  So now basically what I'm saying is all testimony is
 4   closed and at that point you would like to do a post-hearing
 5   briefing?
 6              MR. GELFAND:  Yes.
 7              THE COURT:  Okay.  Based on what you have?
 8              MR. GELFAND:  Respecting the Court's ruling that
 9   there's no more (INAUDIBLE).
10              THE COURT:  Okay.  That is fine.  How much time do
11   you need to brief it?
12              MR. GELFAND:  Maybe two weeks, Your Honor.
13              THE COURT:  Okay.  I thought you were going to say
14   30 days.  I'm thrilled.
15              MR. GELFAND:  How about three weeks?  You offered.
16              THE COURT:  Does the government have any objection
17   to having post-hearing briefing on this?
18              MR. BIRMINGHAM:  No, Your Honor.
19              THE COURT:  All right.  He said three weeks, I
20   think, so May 23rd.  And then how much time -- would you like
21   to do some post-hearing briefing?  You guys haven't written
22   enough on this.  Or do you think you've written enough on
23   this?
24              MR. BIRMINGHAM:  I'm hoping that it's been clearly
25   addressed but if the Court was kind enough to give us ten
```

1   days to decide.

2   THE COURT:  Sure, I will be happy to.

3   MR. BIRMINGHAM:  Thank you.

4   THE COURT:  Okay.  So I'll give you until June 5th.

5   MR. BIRMINGHAM:  Thank you, Your Honor.

6   THE COURT:  Okay. All right.  And then we have --
7   and these -- so the miscellaneous objections that were filed,
8   Documents 126 to 129, and then there was -- so basically I
9   believe by stating that Mr. Birmingham will not be compelled
10  to testify, I'm addressing the Motion to Quash.  And just
11  because to clean up the motions, I would -- I think that that
12  was the -- that's what you were -- that was the subject of
13  the Motion to Quash, correct, Mr. Birmingham?

14  MR. BIRMINGHAM:  The Motion to Quash was specific to
15  testimony, yes, Your Honor.

16  THE COURT:  All right.  Because I think what this
17  ruling would do would be to deny it as moot because the
18  reasoning -- I'm not saying that I'm granting the Motion to
19  Quash because of the reasoning set out in the motion, I'm
20  just not going to compel the testimony of you or -- and I had
21  already addressed the other individuals previously at the
22  hearing.  Yes, Mr. Gelfand.

23  MR. GELFAND:  Just so we have a clean record, on
24  what grounds is the Court not going to compel the testimony
25  if it's not the grounds set out in the government's motion?

1    THE COURT: Because I don't believe that it's
2    relevant. Because there is -- I mean, I can look through
3    it -- because their grounds are that there was a failure to
4    comply with the *Touhy* regulations, correct, isn't that -- was
5    that the main reason?
6    MR. BIRMINGHAM: Specific to the Motion to Quash,
7    Your Honor, there was agreement on the *Touhy* regulations as
8    to the large issue of the Motion to Dismiss and/or
9    alternatively the Motion to Disqualify. Obviously there's
10   been a large amount of pleadings to the larger issue
11   including the four objections that were filed by the
12   government. But specifically as to that narrow issue as I
13   know the Court -- the *Touhy* response and the Motion to Quash
14   was specific to compel testimony. And if the Court is not
15   going to compel the testimony then I would say that that --
16   THE COURT: Okay. I'll grant it for that reason.
17   MR. BIRMINGHAM: It's then moot.
18   THE COURT: Okay.
19   MR. GELFAND: So just to be clear, and I'm sorry,
20   Your Honor, I want to make sure that we have a clear record.
21   So the Court is granting the government's Motion to Quash?
22   THE COURT: Motion to Quash, right. So then --
23   MR. GELFAND: Okay. Thank you, Your Honor.
24   THE COURT: Then yes. Yes. I'm granting the Motion
25   to Quash, which was Document No. 99.

1               And then we have -- and so 126, Document No. 126 was

2     the government's objection on separation of powers grounds to

3     proceedings to disqualify and setting forth objections.  That

4     seems to go to I guess a response to the defendant's motion.

5     Is that what this is?  I was not really quite sure what this

6     document was, No. 126.

7               MR. BIRMINGHAM:  If I may, Your Honor.

8               THE COURT:  Yes.

9               MR. BIRMINGHAM:  There's generally four objections

10    based on the proceedings.  We wanted to make sure that it was

11    clear because I think there was some ambiguity in some of the

12    statements by the Court on how separation of grounds apply to

13    the relief that the defendant was seeking.  And in that

14    context all four objections can simply be summarized that the

15    relief that the defendant is seeking is improper, therefore,

16    the evidentiary proceedings in support of those -- that

17    relief was equally improper on separation of powers grounds.

18              To the extent that the disqualification is still a

19    live issue with the Court, those objections would carry over

20    to the government's ultimate response to the Motion to

21    Dismiss and Motion to Disqualify.

22              THE COURT:  Well, because I have to make a decision

23    on the Motion to Dismiss or to disqualify a prosecution team,

24    that would still seem to be a live issue, which I will take

25    this as a response, these objections to.  And this is just a

1  separate ground that you're setting out.  So that's something
2  that you would -- you have addressed it, but since --
3           MR. GELFAND:  We have briefed it, Your Honor.
4           THE COURT:  Okay.  All right.  I would have to do --
5  I'll have to do a report and recommendation on this aspect
6  but I think I'd take it up as part of the overall motion --
7           MR. GELFAND:  I think that would make sense.
8           THE COURT:  -- to dismiss.
9           MR. BIRMINGHAM:  Thank you, Your Honor.
10          THE COURT:  Okay.  All right.  I just want to make
11 sure.
12          So now moving on to the Motion for Disclosure of
13 Expert 404(b) and to strike the -- Strike Surplusage.  Have
14 you all talked about these -- for example, Motion No. 130 is
15 disclosure of expert.  It's requiring the government to
16 provide notice no more than -- no later than 90 days.  Do you
17 object to this, the Motion for Expert Disclosure?
18          MR. BIRMINGHAM:  Your Honor, the government has
19 filed a response to each specific --
20          THE COURT:  Okay.  Oh, 137 is your response.  I have
21 to go individually to each of those.  Mr. Margulis.
22          MR. MARGULIS:  Yes, ma'am.
23          THE COURT:  I'm sorry.  Thank you for letting me
24 know that you are here, but actually Mr. Gelfand I think can
25 address this.  With regard to the disclosure of expert in the

1   404(b), the response from the government is that Judge Sippel
2   had already set a schedule previously.  It said there's no
3   reason to deviate from the 404(b) evidence schedule for
4   disclosures set by Judge Sippel in August of 2018.
5           MR. GELFAND:  If I remember correctly, Your Honor,
6   Judge Sippel -- and I hate to phrase it this way, but I think
7   the Court will understand -- kind of set the general
8   scheduling order.  And given the complexity of this case we
9   wanted to raise this.  There's over (INAUDIBLE) documents.
10  And given that there's at least (INAUDIBLE) very significant
11  expert testimony by the government, we certainly need
12  sufficient time not only to evaluate the basis of that
13  testimony but also to potentially retain a counter-expert,
14  have that person have sufficient time.  And what we were just
15  trying to do is basically not be in a position so at the last
16  minute we're saying, Judge, we need more time based on these
17  grounds and to raise it with the Court at this date.
18          THE COURT:  Often I think that this type of motion
19  is better addressed by the district judge because they are
20  setting the schedule once we've gotten through the pretrial
21  motion, addressed the pretrial motions.  I would think that
22  those -- wouldn't that make sense that -- I don't know what
23  the schedule will be once we are through with all of the, you
24  know, the R&Rs in the case, but it would seem to me that
25  these -- you're asking about -- I'm always uncomfortable

1   making a decision that -- about things that are supposed to
2   happen 60 days before trial, 30 days before trial, because
3   I'm not handling the trial schedule.  So I would deny both of
4   these motions without prejudice for you to bring up before
5   the district judge.
6           MR. GELFAND:  Sure.
7           THE COURT:  Okay.  Okay.  And then we've got the
8   132, which is to strike surplusage, the Motion to Dismiss
9   Indictment.  Why do I have -- there are two of them?  Oh,
10  it's a First Amendment and statute of limitations, that why I
11  have this here to help out.  First Amendment grounds and then
12  to dismiss Counts 2 through 20.  And there have been
13  responses.  Do you all feel that you need to argue these
14  motions?
15          MR. BIRMINGHAM:  The government is satisfied with
16  its response.
17          THE COURT:  Okay.
18          MR. GELFAND:  Is that driving the Court crazy?  I do
19  think that the First Amendment one, that argument might
20  assist the Court.  The statute of limitations one is a purely
21  legal issue.
22          THE COURT:  Yes.
23          MR. GELFAND:  And I think that that's briefed
24  sufficiently.
25          THE COURT:  All right.

```
 1            MR. GELFAND:  I think everyone agrees on the facts
 2   of (INAUDIBLE) all of this.
 3            THE COURT:  Okay.
 4            MR. GELFAND:  So they are legal issues that can be
 5   resolved.
 6            THE COURT:  All right.  Would you like to argue the
 7   First Amendment issue now or do you -- are you in a position
 8   to do it now?  I can set it for another time.
 9            MR. GELFAND:  We'd prefer to set it for another
10   time, Your Honor.
11            THE COURT:  All right.  So we have until June the
12   5th for the government to respond to the other motion, which
13   of course I look forward to all the briefing on that.
14            MR. BIRMINGHAM:  Just to clarify, you're speaking to
15   their anticipated filing of the post-evidentiary --
16            THE COURT:  Right.  Right.
17            MR. BIRMINGHAM:  We've responded to all pending
18   motions.  Assuming they file --
19            THE COURT:  Right.  And then just if you wish to
20   file something.  And the only reason I'm mentioning that is
21   just to look at when we would schedule an argument on this
22   very last issue of the very last motion to ever be filed in
23   this case.  I am smiling for those of you on the phone.
24            MS. MAHONEY:  I got that.
25            MR. MARGULIS:  We figured that, Judge.
```

```
 1             MS. MAHONEY:  I was laughing myself.
 2             THE COURT:  Just saying.  I have criminal duty that
 3   week.  Okay.  All right.  So how about on Wednesday,
 4   June 12th, at 9:30 in the morning?
 5             MR. BIRMINGHAM:  Argument on both, Your Honor?
 6             THE COURT:  Yes.
 7             MR. GELFAND:  And that works for us, Your Honor.
 8             THE COURT:  All right.  Great.  I look forward to
 9   it.
10             All right.  Is there anything else we need to talk
11   about with regard to this case today?  Have I covered
12   everything that we have?  I mean, I really did want to do
13   this just because there had been so much filed.  I wanted to
14   make sure I got my --
15             MR. GELFAND:  I think the Court has covered
16   everything from the defendant's point.
17             THE COURT:  -- hands around everything.  Okay.
18             MR. BIRMINGHAM:  Thank you, Your Honor.
19             THE COURT:  All right.  Thank you.
20             MR. GELFAND:  Thank you.
21             MR. MARGULIS:  Thank you, Judge.
22             THE COURT:  All right.  Thank you.
23             (Court in recess at 2:26 p.m.)
24
25
```

C E R T I F I C A T E

I, Susan R. Moran, Registered Merit Reporter, in and for the United States District Court for the Eastern District of Missouri, do hereby certify that I was not present at the proceedings in the above-mentioned court; and that the foregoing transcript is a true, correct, and complete transcript of the electronic recording.

I further certify that I am not attorney for, nor employed by, nor related to any of the parties or attorneys in this action, nor financially interested in the action.

I further certify that this transcript contains pages 1 - 15 and that this reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

IN WITNESS WHEREOF, I have hereunto set my hand at St. Louis, Missouri, this 7th day of June, 2019.

_____
/s/ Susan R. Moran
Registered Merit Reporter