**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No.  18-CR-00139-01-RWS |
| WILLIAM DOUGLAS HANING, | |
| Defendant. | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The government submits this Sentencing Memorandum in support of its Rule 11(c)(1)(C) plea agreement with defendant William Douglas Haning.  Sentencing is scheduled for January 17, 2020, at 11:00 a.m.

**I.      Background**

From 2008 through 2014, Haning, through his employment at American By-Products (ABP) and later Wilbur-Ellis Company, LLC, marketed and sold single-ingredient premium pet food ingredients and products, including chicken meal, and turkey meal, knowing the product shipped was adulterated and misrepresented lower cost ingredients, such as by-product meal or feather meal.  The products were mislabeled and misbranded, and misrepresented to the buyers, Well Pet, Blue Buffalo, and the co-packers and co-manufacturers.  Haning and his co-conspirators used false certificates of analysis and bills of lading, among other false statements, in order to accomplish the fraud.  (PSR ¶¶ 17-20, 46.)

The parties agreed that defendant would plead guilty to two counts:  Count 49, charging Money Laundering,  in  violation  of  18  U.S.C.  §  1957;  and  Count  50,  Conspiracy  to

Commit Offense Against the United States, in violation of 18 U.S.C. § 371.  The parties' Rule 11(c)(1)(C) plea agreement provides for:

(1) a sentence of five years' probation;

(2) forfeiture of approximately $930,424.79 in proceeds from the November 2018 sale of 2,705.08 acres of ranchland known as "Living the Dream Ranch;" a 2014 Mercedes Benz ML350; and all items seized by law enforcement officials in the course of the investigation;

(3) no restitution or fine, as Wilber-Ellis paid restitution in the amount of $4,549,682; and

(4) a $200 special assessment.

## II.     The Presentence Investigation Report

The Presentence Investigation Report (PSR) calculated the loss amount based on the gain to Haning in an amount of $3,500,000 to $9,500,000, resulting in an 18-level enhancement. (PSR ¶ 56.)

Senior United States Probation Officer Ryan Wilke also applied three enhancements.  The first was a two-level enhancement for violation of a prior, specific judicial or administrative order injunction, decree, or process not addressed elsewhere in the guidelines pursuant to § 2B1.1(b)(9)(C).  The order relied on was issued May 12, 2010, by the Office of the Texas State Chemist, which issued a "Stop Sale Seizure" against ABP, at that time owned and operated by Haning.  (PSR ¶ 57.)  The second enhancement was a two-level sophisticated means enhancement pursuant to § 2B1.1(b)(10)(C).  (PSR ¶ 58.)  The third enhancement was a one-level enhancement for conviction under 18 U.S.C. § 1957, pursuant to § 2S1.1(b)(2)(A).  (PSR ¶ 58.)  Based on these, the PSR calculated the total offense level at 26, with an imprisonment range of 63 to 78 months.

Haning has objected to the loss amount and the enhancement based on violation of a prior administrative order, and argues the total offense level should therefore be 22, resulting in a sentencing range of 41 to 51 months.

Senior Probation Officer Wilke has done an admirable job in a complex, multi-defendant case. Based on the plea agreement the United States will not present evidence or arguments at sentencing in support of the higher loss amount or challenged enhancement. Rather, the government requests that this Court accept the plea agreement whether it calculates the sentencing range as 41 to 51 months, or 63 to 78 months.

### III.     Consideration of Factors Supporting the Plea Agreement

Haning pled guilty to two major counts in the indictment and agreed to a lengthy factual basis supporting the counts. He thus saved the government significant resources that would have been required to try the case. He agreed to forfeiture of significant assets totaling approximately $1 million – more than $930,000 from the proceeds of sale of a Texas ranch, and a 2014 Mercedes-Benz ML 350.

Significantly, prior counsel for the United States, Charles Birmingham, contacted counsel for the victim companies who were in favor of the plea agreement with a full factual basis. As this Court is only too well aware, the victim companies are engaged in a civil suit, *The Blue Buffalo Company, Ltd., v. Wilbur-Ellis Company LLC, et al.*, 14-cv-00859-RWS, and are able to pursue further remedies through that suit. The civil suit was stayed pending the criminal case resolution, and with Haning's case resolved, the civil suit can now proceed.

This sentence also avoids unwarranted sentencing disparities among defendants with similar records who have been convicted of this conduct. As noted by Senior Probation Officer Wilke in the related cases section of the PSR, imposition of a sentence of five years'


probation, together with forfeiture, would be commensurate with sentences already imposed and to be imposed on co-conspirators.  (PSR ¶¶ 12-16.)

WHEREFORE, the government respectfully requests that the Court accept the parties' Rule 11(c)(1)(C) plea agreement and enter judgment accordingly.

Respectfully submitted,

WILLIAM P. BARR
United States Attorney General

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

*/s/  Kathleen D. Mahoney*
KATHLEEN D. MAHONEY    #38828MO
Special Attorney to the Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January 2020, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification.

*/s/  Kathleen D. Mahoney*
Kathleen D. Mahoney
Special Attorney to the Attorney General