UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18 CR 139 RWS |
| | ) | |
| WILLIAM DOUGLAS HANING, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on the Special Attorney to the Attorney General's motions to dismiss two pending third-party petitions for hearings regarding interest in seized property.  The Special Attorney argues that dismissal is warranted because each petition fails to state a claim under 21 U.S.C. § 853(n)(6).  For the reasons below, I will grant the motions to dismiss.

I.    **Background**

On November 29, 2018, the Grand Jury for the Eastern District of Missouri charged Defendant William Douglass Haning with 50 counts of criminal activity in a superseding indictment [ECF No. 82].  The superseding indictment also contained forfeiture allegations, which stated, "specific property subject to forfeiture includes, but is not limited to . . . [a]pproximately 2,705.08 acres of ranch land known as 'Living the Dream Ranch' f/k/a 'Cactus Ranch' . . . and . . .

[a] 2014 Mercedes-Benz, ML350, VIN: 4JGDA5JB9EA377726."  Government agents seized the Mercedes-Benz and filed a Notice of Lis Pendens on the ranch land.

On October 24, 2019, Defendant Haning pleaded guilty to money laundering in violation of 18 U.S.C. § 1957 and conspiracy to introduce and deliver for introduction adulterated and misbranded food into interstate commerce in violation of 18 U.S.C. § 371 and 21 U.S.C. §§ 331(a)(1), 331(a)(2) [ECF No. 176].  As part of his guilty plea, Defendant Haning agreed that his gain from his offenses was between $1.5 million and $3.5 million [Id. at 24].  He also agreed to forfeit the Mercedes-Benz ML350 and any interest he had in proceeds from a November 2018 sale of the ranch land.

On December 16, 2019, I signed a preliminary order of forfeiture [ECF No. 181].  In that order, I found that the United States established the requisite nexus between Haning's offenses and the Mercedes-Benz and proceeds from the ranch land sale.  I ordered that the property was subject to forfeiture.  On February 14, 2020, Courtny Haning requested a hearing regarding her interest in the seized Mercedes-Benz, and on April 1, 2020, LTD Trophy Ranch, LLC and Gerald Wesley Haning, individually and as member manager of LTD Trophy Ranch, requested a hearing regarding their interests in the seized proceeds of the ranch land sale.

## II.    Legal Standard

The United States may move to dismiss a third-party petition under Federal Rule of Criminal Procedure 32.2(c)(1)(A) "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A).  Motions to dismiss under Fed. R. Crim. P. 32.2(c)(1)(A) are treated like motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b).  See United States v. Grossman, 501 F.3d 846, 848 (7th Cir. 2007).  "Therefore, a petition should not be dismissed if the petitioner has stated 'enough facts to state a claim to relief that is plausible on its face.'" Willis Mgmt. (Vermont), Ltd. v. United States, 652 F.3d 236, 241–42 (2d Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For the purposes of the motion, I assume the facts set forth in the petition are true. Fed. R. Crim. P. 32.2(c)(1)(A).  I am not, however, "required to accept any legal conclusions included in the petition." United States v. Sigillito, 938 F. Supp. 2d 877, 883 (E.D. Mo. 2013) (citing Willis Mgmt., 652 F.3d at 242)).

## III.    Discussion

Courtny Haning, Gerald Haning, and LTD Trophy Ranch, LLC each request hearings regarding their respective interests in property seized in connection with Defendant William Douglas Haning's criminal case.  I need not hold an evidentiary hearing on a petition when "it is clear that the petitioner 'could not prevail even if [a hearing] were granted.'" United States v. Sigillito, 938 F. Supp.

3

2d 877, 884 (E.D. Mo. 2013) (quoting United States v. White, 675 F.3d 1073, 1081

(8th Cir. 2012)).  Because none of the petitioners could prevail if a hearing were

granted, dismissal of the petitions is appropriate.

### a.  Courtny Haning's Petition

Courtny Haning seeks a hearing to adjudicate the validity of her interest in

the seized Mercedes-Benz ML350.  Haning contends that she did not know, or did

not have any reason to believe, that the Mercedes-Benz she drove was purchased

with the proceeds from illegal activity.  She alleges the Mercedes-Benz was her

main automobile and that Defendant Haning, her father, never drove or had

possession of the vehicle.  Although Defendant Haning purchased the vehicle and

gifted it to Courtny Haning, her name was the only name on the title for more than

two years before the forfeiture notice.  She has been responsible for paying the

day-to-day maintenance fees, costs, and expenses associated with the vehicle.  As a

result, she argues that the forfeiture is invalid under 21 U.S.C. § 853(n)(6)(A),

because her legal rights, title, and interests are superior to Defendant Haning or the

United States.

Courtny Haning's petition does not contain factual allegations that, if true,

would demonstrate she has superior title to the United States.  To prevail on a

petition brought under 21 U.S.C. § 853(n)(6)(A), Courtny Haning must establish

by a preponderance of the evidence that she "has a legal right, title, or interest in

the property . . . [that] was vested in [her] rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property . . . ." 21 U.S.C. § 853(n)(6)(A).  Under Section 853(n)(6)(A), "title to the forfeited property vests in the United States at the time of the defendant's criminal act."  United States v. Timley, 507 F.3d 1125, 1130 (8th Cir. 2007).  According to Courtny Haning, "Defendant Haning . . . provided the financial means for his daughter to acquire the vehicle" in 2014.  Pet'r's Resp. to Government's Mot. to Dismiss, ECF No. 208, p. 4.  Defendant Haning has admitted, and I have found, that the financial means used to purchase the Mercedes-Benz represented a portion of "the proceeds of [the] offense." Timley at 1130  (citing United States v. Hooper, 229 F.3d 818, 821–22 (9th Cir.2000)).

Even if granted a hearing, Courtny Haning could not plausibly demonstrate she has superior title to the United States at the time of the commission of the acts that gave rise to the forfeiture, because Defendant Haning purchased the Mercedes-Benz with money he derived from those acts.  See Timley at 1130 ("[t]he proceeds of an offense do not exist before the offense is committed, and when they come into existence, the government's interest under the relation-back doctrine immediately vests.").  As a result, the United States has superior title to the Mercedes-Benz.

Courtny Haning also argues I should find she has a legal interest in the Mercedes-Benz on equitable grounds.  She contends that she has invested her own time and money into the vehicle, that the seizure is unfair, and that prosecutors only included forfeiture allegations regarding the Mercedes-Benz as a way to exert pressure over Defendant Haning.  These arguments in favor of an equitable exception do not find grounding in the law; the Eighth Circuit has made clear that the term "legal interest," as it is used in 21 U.S.C. § 853, "encompasses only legally protected rights" like those enumerated in the statute.  Timley at 1129; see also United States v. Hooper, 229 F.3d 818, 822 (9th Cir. 2000) ("[W]e are not at liberty to create other categories of transferee interests that are protected from forfeiture.").  As a result, no hearing is necessary, and I will dismiss Courtny Haning's petition for failure to state a claim.  The United States shall have clear title to the Mercedes-Benz ML350, VIN: 4JGDA5JB9EA377726.

### b.  Gerald Wesley Haning's and LTD Trophy Ranch, LLC's Petition

LTD Trophy Ranch, LLC and Gerald Wesley Haning, individually and as a member of LTD Trophy Ranch, LLC, seek a hearing to adjudicate the validity of their interests in $930,424.79 in proceeds from the November 2018 sale of approximately 2,705.08 acres of ranch land known as "Living the Dream Ranch," f/k/a "Cactus Ranch."  The petitioners contend they have a legal right to the property under 21 U.S.C. §§  853(n)(6)(A), (B).  The Special Attorney has moved

to dismiss the petition for lack of standing and failure to state a claim.  Although

Haning and LTD Trophy Ranch have not responded to the Special Attorney's

motion to dismiss, I will not order them to do so, because I am prepared to grant

the Special Attorney's motion based on the record before me.

### 1.   Gerald Wesley Haning, in his individual capacity

Gerald Wesley Haning petitions in his individual capacity and as member-

manager of LTD Trophy Ranch, LLC.  In his individual capacity, he has not stated

facts to demonstrate he has standing in this case.   The petition he filed alleges that

Hanings Living the Dream, LLC (later LTD Trophy Ranch, LLC)—not Gerald

Wesley Haning, individually—purchased the real property at issue in this case.

See Exh. C, ECF No. 204-3, p.1 (reflecting that Hanings Living the Dream, LLC is

the grantee of the land).  Although Gerald Wesley Haning made contributions to

Hanings Living the Dream, LLC to aid in the purchase and development of the

ranch property, Gerald Wesley Haning does not allege facts showing that he had

any legal interest in the property in his personal capacity.  Gerald Wesley Haning

has not alleged facts to demonstrate he has standing in his personal capacity.

### 2.   LTD Trophy Ranch, LLC and Gerald Wesley Haning, in his capacity as member-manager of LTD Trophy Ranch, LLC

Haning also seeks a hearing in his capacity as member-manager of LTD

Trophy Ranch, LLC.  To the extent he does so to vindicate the legal rights of LTD

Trophy Ranch, LLC, the legal analysis overlaps as to his petition and the petition of LTD Trophy Ranch.

Based on LTD Trophy Ranch's own allegations, LTD Trophy Ranch does not have standing to bring its petition.  In order to establish constitutional standing, "a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in the seized property . . . ." United States v. White, 675 F.3d 1073, 1078 (8th Cir. 2012) (citation omitted).  Based on LTD Trophy Ranch's own allegations, it has no ownership or possessory interest in the ranch land or the proceeds from the most recent sale thereof.

LTD Trophy Ranch alleges that due to its failure to make timely payments on a loan secured by a mortgage on the ranch land, Texas AgFinance, FCLA foreclosed on the property on August 7, 2018 and acquired the property at the foreclosure sale.  See Pet'rs' Req. for Hrg. Regarding Interest in Seized Property, ECF No. 204, at   ¶¶ 11, 12; id. at Exh. G, ECF No. 204-8.  There were no excess proceeds from the sale beyond what remained on the loan.  Id.  Texas Farm Credit Services, FLCA successor by merger to Texas AgFinance, FCLA, later sold the property to another party on November 19, 2018.

LTD Trophy Ranch now asserts it has a legal interest in the proceeds from the subsequent sale.  However, when Texas AgFinance, FCLA acquired the property at the foreclosure sale, LTD Trophy Ranch's interest in the property was

extinguished.  LTD Trophy Ranch had no legal interest in any proceeds from the subsequent sale of the land.  That the United States placed a lis pendens on the land as a result of the forfeiture allegations in this case does not create a legal interest for LTD Trophy Ranch where there otherwise was none.

Even if Haning or LTD Trophy Ranch had a legal interest in the proceeds of the ranch land sale, they have not alleged facts that would demonstrate a superior right, title or interest to that of the United States under 21 U.S.C. § 853(n)(6)(A). They have also not alleged facts that would demonstrate either was a "bona fide purchaser for value of the right, title or interest in the property" under 21 U.S.C. § 853(n)(6)(B).  As a result, no hearing is necessary, and I will dismiss the joint Petition of Gerald Wesley Haning and LTD Trophy Ranch, LLC for lack of standing and failure to state a claim.  The United States shall have clear right to the approximately $930,424.79 in proceeds from the November 2018 sale of approximately 2,705.08 acres of ranch land known as "Living the Dream Ranch," f/k/a "Cactus Ranch."

## IV.    Conclusion

For the foregoing reasons, Courtny Haning's petition and Gerald Haning and LTD Trophy Ranch's petition will each be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion to Dismiss Courtny Haning's Petition [202] is **GRANTED.**

**IT IS FURTHER ORDERED** that Courtny Haning's Petition for Hearing Regarding Interest in Seized Property [199] is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the United States' Motion to Dismiss Claims of LTD Trophy Ranch, LLC and Gerald Wesley Haning [211] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Petition for Hearing Regarding Interest in Seized Property filed by LTD Trophy Ranch, LLC and Gerald Wesley Haning [204] is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the government shall have clear title to the Mercedes-Benz ML350, VIN: 4JGDA5JB9EA377726 and the proceeds from the sale of approximately 2,705.08 acres of ranch land known as "Living the Dream Ranch," f/k/a "Cactus Ranch."

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2020.