# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CR-139-RWS |
| | ) |
| WILLIAM DOUGLAS HANING, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR EARLY TERMINATION OF PROBATION

Defendant William Douglas Haning ("Haning"), by and through undersigned counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3564(c) and Federal Rule of Criminal Procedure 32.1(c), for an Order terminating his term of probation.

Haning has completed more than half of his five-year term of probation—having fully complied with all conditions, having incurred no violations, and having satisfied all financial obligations of his sentence. He has maintained consistent employment and has been consistently supervised by the United States Probation Office in the Northern District of Texas (the "Probation Office") where he continues to reside.

Prior to filing this motion, undersigned counsel conferred with Haning's probation officer, Daisy Pridgen, who represented that Haning has been compliant with all conditions of his probation and has incurred no violations whatsoever throughout the entirety of his supervision. Officer Pridgen added that her office placed him at the lowest level possible of supervision and that he stays in contact with her at all times. Undersigned counsel also conferred with counsel for

the United States, Special Attorney Kate Mahoney[1], who represented that the Government defers entirely to the Probation Office with respect to whether Haning should continue with his supervision or whether his probation should be terminated at this time.

**I.      Relevant Background**

On February 14, 2018, Haning was charged in an indictment with allegations related to the misbranding and mislabeling of pet food products. (Doc. 1). Haning remained on bond throughout the entirety of the matter and was required to comply with conditions of pretrial release set by this Court. (*See* Doc. 16). Haning's performance during pretrial supervision was unblemished and he never violated a single condition of his release.

On October 24, 2019, Haning entered a plea of guilty to two counts of a superseding indictment. (Doc. 175). Specifically, Haning pled guilty to one count of money laundering in violation of 18 U.S.C. § 1957 and one count of conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371. (*Id.*). On January 17, 2020, this Court sentenced Haning to five years of probation. (Doc. 191). Thus, Haning has been on probation for more than two and a half years—more than half of the five years he was sentenced to serve—and, moreover, Haning fully complied with all conditions of pretrial release for nearly two years prior to being sentenced to probation. In total, Haning has been subject to supervision for approximately four and a half years and has fully complied with his conditions without exception. His performance has been picture perfect.

---

[1] WDMO AUSA Kate Mahoney is acting in her capacity as a Special Attorney for the Attorney General in this case.

## II. Applicable Law

This Court may release Haning from his term of probation "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." *See* 18 U.S.C § 3564(c). Courts are directed to consider the factors set forth under 18 U.S.C. § 3553(a), including, as is especially relevant in this case, the "history and characteristics of the defendant," the need "to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3564(c); 18 U.S.C. § 3553(a). The Court must consider these factors and make an individual assessment; dismissing a motion for early termination of probation out of hand constitutes an abuse of discretion. *See* 18 U.S.C. § 3553(a); *United States v. Hartley*, 34 F.4th 919, 928–29 (10th Cir. 2022).

Generally, a Court must hold a hearing prior to modifying a defendant's conditions of probation. *See* Fed. R. Crim. P. 32.1(c)(1). However, a hearing is not required if:

> (A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

Fed. R. Crim. P. 32.1(c)(2).

In this case, the relief sought by Haning does not extend the term of probation and the Government has received notice of the relief sought and has expressly represented that it defers to the Probation Office, which has represented that Haning has been entirely compliant throughout the entirety of his sentence of probation, that she has "not had a single issue out of him," that he

3

has been supervised "at the lowest level possible" and that he "stays in contact with [her] at all times."[2] *See* Correspondence from U.S. Probation Officer Daisy Pridgen (attached as Exhibit 1).

Against this backdrop, a hearing is not required. However, if this Court would prefer setting this matter for a hearing, Haning has no objection and would happily consent to a hearing in-person or by videoconference.

### III. Discussion

Haning pled guilty and fully accepted responsibility for his actions in this case. Haning has served more than half of his term of probation and has had absolutely no incidents or issues. Indeed, his supervising probation officer reports: "I have no problem saying that Doug has been very compliant and I have not had a single issue out of him." *See* Exhibit 1. This pattern of full compliance follows the same pattern of full compliance Haning demonstrated during the approximately two years during which he was subject to pretrial conditions of release.

As evidenced by his conduct, Haning will not recidivate—he has no other criminal history, he accepted responsibility for his offense, and he has fully complied with all conditions of his probation established by this Court without a single incident or violation. Continuing Haning on probation will serve no deterrent purpose and is not necessary to protect the public from any future conduct of Haning, who has demonstrated a firm commitment to fully complying with the law since his sentencing. Indeed, Haning has done more than just comply with the conditions of his probation. He has worked hard to help his wife run her home health hospice service even as he continues to love and care for his three daughters and his grandchildren.

---

[2] Probation Officer Pridgen clarified that the policy in the Northern District of Texas does not allow her to make a recommendation as to whether this Court should terminate Mr. Haning's probation early but that she can make representations as to a probationer's compliance. *See* Exhibit 1.

Haning was sentenced on January 17, 2020. In the more than two and a half years he has served on probation, Haning has been a model citizen. Haning has no outstanding restitution or fines and has fully complied with providing his DNA—the only mandatory condition of his probation. Indeed, Haning has dedicated his time and energy toward hard work in a field profoundly different from the occupation which landed him before this Court and toward his adult children and grandchildren, each of whom continues to thrive with his support. As such, Haning is the perfect candidate for early termination of probation.

Furthermore, as the Supreme Court recognizes, the purpose of probation is "to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself without institutional confinement." *Roberts v. United States,* 320 U.S. 264, 272 (1943). This serves an important purpose and the time it takes to accomplish these objectives necessarily will differ from person to person. In this case, Haning has epitomized successful rehabilitation. He has remained in strict compliance with the terms of his probation and is fully integrated into his post-conviction life and his community. He has worked exceptionally hard to maintain gainful employment and support his family. Indeed, that admirable goal is the catalyst for this motion.

**IV.     Conclusion**

Haning has been supervised by this Court and a combination of the Pretrial Services Office and the Probation Office for more than four and a half years, entirely without incident. He is committed to making better decisions and has already demonstrated his ability to do so over the past several years. In light of his performance while on probation, Haning respectfully requests that this Court enter an order terminating his term of probation.

Respectfully submitted,

***Margulis Gelfand, LLC***

<u>*/s/ Justin K. Gelfand*</u>
JUSTIN K. GELFAND, #62265
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: (314) 390-0234
Facsimile: (314) 485-2264
justin@margulisgelfand.com
***Attorney for Defendant***

**Certificate of Service**

      I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

      */s/ Justin K. Gelfand*
      JUSTIN K. GELFAND, #62265
      7700 Bonhomme Ave., Ste. 750
      St. Louis, MO 63105
      Telephone: (314) 390-0234
      Facsimile: (314) 485-2264
      justin@margulisgelfand.com
      ***Attorney for Defendant***